

**FILED**

MAY **0 3 2019**

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:19-cv-88-FL

|  |  |  |
|---|---|---|
| **CALVIN TYRONE NORTON,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| **COLUMBUS COUNTY BOARD OF ELECTIONS,** | ) | |
| Defendant, | ) | **COMPLAINT** |
| | ) | **(Injunctive Relief, Declaratory)** |
| **HAROLD FIPPS,** *Individually and in His Official* | ) | **(Judgment, Jury Trial Demand)** |
| *capacity as CHAIRMAN of Columbus County Board of* | ) | |
| *Elections,* | ) | |
| Defendant, | ) | |
| | ) | |
| **BONITA BLAKNEY,** *Individually and in Her Official* | ) | |
| *capacity as VICE CHAIRMAN of Columbus County Board* | ) | |
| *of Elections,* | ) | |
| Defendant, | ) | |
| | ) | |
| **JOANN GARRELL,** *Individually and in Her Official* | ) | |
| *capacity as BOARD MEMBER of Columbus County Board* | ) | |
| *of Elections* | ) | |
| Defendant, | ) | |
| | ) | |
| **TUCKER (MACK) WARD,** *Individually and in His* | ) | |
| *Official capacity as BOARD MEMBER of Columbus* | ) | |
| *County Board of Elections,* | ) | |
| Defendant, | ) | |
| | ) | |
| **CARLA STRICKLAND,** *Individually and in Her Official* | ) | |
| *capacity as DIRECTOR of Columbus County Board of* | ) | |
| *Elections,* | ) | |
| Defendant, | ) | |
| | ) | |
| **COLUMBUS COUNTY BOARD OF** | ) | |
| **COMMISSIONERS** | ) | |
| Defendant, | ) | |
| | ) | |
| **TRENT BURROUGHS,** *Individually and in His Official* | ) | |
| *capacity as CHAIRMAN of Columbus County Board of* | ) | |

1

*Commissioners*
  Defendant,

**JEROME MCMILLIAN,** *Individually and in His Official capacity as Columbus County Commissioner,*
  Defendant,

**JAMES E. PREVATTE,** *Individually and in His Official capacity as Columbus County Commissioner,*
  Defendant,

**GILES E. BYRD,** *Individually and in His Official capacity as Columbus County Commissioner,*
  Defendant,

**EDWIN P. RUSS,** *Individually and in His Official capacity as Columbus County Commissioner,*
  Defendant,

**RICKY BULLARD,** *Individually and in His Official capacity as Columbus County Commissioner,*
  Defendant,

**CHARLES MCDOWELL,** *Individually and in His Official capacity as Columbus County Commissioner,*
  Defendant,

Sheriff of Columbus County, North Carolina  **LEWIS L. HATCHER,** *Individually and in His Official capacity as Sheriff of Columbus County,*
  Defendant,

UNCERTIFIED Sheriff of Columbus County, North Carolina **JODY STEADMAN GREENE** *Individually and in His Official capacity as NOT Residency or Domicile of Columbus County to run for the Office of Sheriff,*
  Defendant,

**WESTERN SURETY CO. d/b/a/ CNA SURETY INSURANCE,** *SURETY for the Columbus County Sheriff,*
  Defendant,

**JESS HILL,** *Individually and in His Official capacity as Clerk of Columbus County,*
  Defendant,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2

**BRENDEN JONES,** *Individually and in His Official* )
*capacity as NC STATE HOUSE OF REPRENSENTATIVES* )
*46ᵀᴴ DISRTICT,* )
        )
        Defendant, )
        )
**RED DOME GROUP, INC.,** *a business nonprofit* )
*corporation,* )
        Defendant, )
        )
**SCOTT ANDREW YATES,** *Individually and* )
*in His Official capacity as register agent, president, and* )
*board of director of RED DOME GROUP, INC.,* )
        Defendant, )
        )
**LESLIE MACRAE DOWLESS Jr,** *Individually and in* )
*His Official capacity as* CONTRACTER employee of RED )
DOME GROUP, INC., )
        Defendant, )
        )
**AMANDA PRINCE,** *Individually and in Her Official* )
*capacity as Counsel Employee for Columbus County* )
*Government,* )
        Defendant, )
        )
**AARON HERRING,** *Individually and in His Official* )
*capacity as* Uncertified *Chief Deputy of Columbus County,* )
        Defendant, )
        )
**DANNY EARL BRIIT, JR.,** Individually *and in His* )
*Official capacity as NC STATE SENATOR and License* )
*Attorney,* )
        Defendant, )
        )
**BOYD T. WORLEY,** Individually *and in His Official* )
*capacity as License Attorney,* )
        Defendant, )
        )
**NORWOOD P. BLANCHARD III.,** Individually *and in* )
*His Official capacity as License Attorney,* )
        Defendant, )
        )

        **NOW COMES,** the Plaintiff, **CALVIN NORTON**, hereinafter **"NORTON"**, by and through as pro se complaining of the Defendants, **COLUMBUS COUNTY BOARD OF ELECTIONS,** *hereinafter referenced "CCBOE",* **HAROLD FIPPS,** *hereinafter referenced*

*"FIPPS"*, **BONITA BLAKNEY,** *hereinafter referenced "BLAKNEY",* **JOANN GARRELL,** *hereinafter referenced "JOANN",* **TUCKER (MACK) WARD,** *hereinafter referenced "WARD",* **CARLA STRICKLAND,** *hereinafter referenced "DIRECTOR", COLUMBUS* **COUNTY BOARD OF COMMISSIONERS** *, hereinafter referenced "CCBOC",* **TRENT BURROUGHS,** *hereinafter referenced "DEF COM 1",* **JEROME MCMILLIAN,** *hereinafter referenced "DEF COM 2",* **JAMES E. PREVATTE,** *hereinafter referenced "DEF COM 3",* **GILES E. BYRD,** *hereinafter referenced "DEF COM 4",* **EDWIN P. RUSS,** *hereinafter referenced "DEF COM 5",* **RICKY BULLARD,** *hereinafter referenced "DEF COM 6",* **CHARLES MCDOWELL,** *hereinafter referenced "DEF COM 7",* **LEWIS L. HATCHER,** *hereinafter referenced "SHERIFF",* **JODY STEADMAN GREENE** *hereinafter referenced "UNCERTIFED SHERIFF",* **WESTERN SURETY CO. d/b/a/ CNA SURETY INSURANCE,** *hereinafter referenced "BOND",* **JESS HILL,** *hereinafter referenced "CLERK",* **BRENDEN JONES,** *hereinafter referenced "NC HOUSE",* **RED DOME GROUP, INC.,** *hereinafter referenced "DEFUNCT CORP",* **SCOTT ANDREW YATES,** *hereinafter referenced "YATES",* **LESLIE MACRAE DOWLESS,** *hereinafter referenced "DOWLESS",* **AMANDA PRINCE,** *hereafter referenced "PRINCE OR ATTORNEY",* **AARON HERRING,** *hereinafter referenced "UNCERTIFED MAJOR",* **DANNY EARL BRITT, JR.,** *hereinafter referenced "NC SENATOR",* **BOYD T. WORLEY,** *hereinafter referenced "WORLEY",* **and NORWOOD P. BLANCHARD III., ,** *hereinafter referenced "NORWWOOD"* alleges and avers as follows:

In said support of the complaint, Plaintiff filed an action and he has taken a "Voluntary Dismissal Without Prejudice" under these circumstances, "Newly Discovered Evidence", that Judge James Dever III has been setting on the case file 7:19-CV-00008-D, no movement on the TRO Motion since January 22, 2019 or any of the filings by the parties. Defendants Counsels are at conflict of interests, conflict scheduling and the parties are at "emergency need" of scheduling order. It's not known to me by case management the problem or delay. Plaintiff resubmits to the Court of the Eastern District of Raleigh as follows below that.

## PARTIES AND JURISDICTON

1. Plaintiff Calvin Tyrone Norton ("Norton") is a citizen and resident of the City of Whiteville, Columbus County, North Carolina is a register and qualified voter per NCGS § 163A of the North Carolina General Statues.

2. Defendant CCBOE is a governing body of the County of Columbus and arm of the North Carolina State Board of Elections operable per N.C. Gen. Stat. § 163A-766 of the North Carolina General Statues under the provision of the North Carolina Statues to conduct fair elections consisting of its Director and (four board members) appointed by the State and has waived government or sovereign immunities by the purchase of insurance covering the acts or omissions.

3. Upon information and belief, Defendant FIPPS is a resident of Columbus County, North Carolina and all times relevant to this action, FIPPS was appointed by the North Carolina State Board of Elections "NCSBOE", employed as CHAIRMAN of the CCBOE hereto paid by the County of Columbus government body with his special assignment to oversee the election as the eyes of the state to assure the fairness of the elections held within the Columbus County divided precincts collectively sued in his individual and official capacity as CCBOE CHAIRMAN and has

4

waived government or sovereign immunities by the purchase of insurance covering the acts or omissions.

4. Upon information and belief, Defendant *"BLAKNEY"*, is a resident of Columbus County, North "and at all times relevant *BLAKNEY"* was appointed by the North Carolina State Board of Elections "NCSBOE", employed as VICE CHAIRMAN of the CCBOE hereto paid by the County of Columbus government body with her special assignment to oversee the election as the eyes of the state to assure the fairness of the elections held within the Columbus County divided precincts collectively sued in her individual and official capacity as CCBOE VICE CHAIR and has waived government or sovereign immunities by the purchase of insurance covering the acts or omissions.

5. Upon information and belief, Defendant *"JOANN"*, is a resident of Columbus County, North and at all times relevant *"JOANN"*, was appointed by the North Carolina State Board of Elections "NCSBOE", employed as board member of the CCBOE hereto paid by the County of Columbus government body with her special assignment to oversee the election as the eyes of the state to assure the fairness of the elections held within the Columbus County divided precincts collectively sued in her individual and official capacity as CCBOE board member and has waived government or sovereign immunities by the purchase of insurance covering the acts or omissions.

6. Upon information and belief, Defendant *"WARD"*, is a resident of Columbus County, North Carolina and at all times relevant *"WARD"*, was appointed by the North Carolina State Board of Elections "NCSBOE", employed as board member of the CCBOE hereto paid by the County of Columbus government body with his special assignment to oversee the election as the eyes of the state to assure the fairness of the elections held within the Columbus County divided precincts collectively sued in his individual and official capacity as CCBOE board member and has waived government or sovereign immunities by the purchase of insurance covering the acts or omissions.

7. Upon information and belief, Defendant Carla Strickland *"DIRECTOR"*, is a resident of Columbus County, North Carolina and at all times relevant appointed as *"DIRECTOR,* hereto paid and employed by the County of Columbus government body with her special assignment to oversee the election as the eyes of the state to assure the fairness of the elections held within the Columbus County divided precincts collectively sued in her individual and official capacity as DIRECTOR of the CCBOE and has waived government or sovereign immunities by the purchase of insurance covering the acts or omissions.

8. Upon information and belief, Defendant *"CCBOC"*, is the Board of Duly Elected County Commissioners established and formed in Columbus County, North Carolina and incorporated under the laws of the State of North Carolina governed under the provisions on NCGS §153A and has waived government or sovereign immunities by the purchase of insurance covering the acts or omissions.

9. Upon information and belief, Defendant *"DEF COM 1"*, is a resident of Columbus County, North Carolina is the elected commissioner and appointed Chairman of the "CCBOC established and formed in Columbus County, North Carolina and incorporated under the laws of the State of North Carolina governed under the provisions on NCGS §153A being sued in his personal and

official capacity and he has waived government or sovereign immunities by the purchase of insurance covering the acts or omissions of *"DEF COM 1"*.

10. Upon information and belief, Defendant *"DEF COM 2"*, is a resident of Columbus County, North Carolina is the elected commissioner and appointed commissioner of the "CCBOC established and formed in Columbus County, North Carolina and incorporated under the laws of the State of North Carolina governed under the provisions on NCGS §153A being sued in his personal and official capacity and he has waived government or sovereign immunities by the purchase of insurance covering the acts or omissions of *"DEF COM 2"*.

11. Upon information and belief, Defendant *"DEF COM 3"*, is a resident of Columbus County, North Carolina is the elected commissioner and appointed commissioner of the "CCBOC established and formed in Columbus County, North Carolina and incorporated under the laws of the State of North Carolina governed under the provisions on NCGS §153A being sued in his personal and official capacity and he has waived government or sovereign immunities by the purchase of insurance covering the acts or omissions of *"DEF COM 3"*.

12. Upon information and belief, Defendant *"DEF COM 4"*, is a resident of Columbus County, North Carolina is the elected commissioner and appointed commissioner of the "CCBOC established and formed in Columbus County, North Carolina and incorporated under the laws of the State of North Carolina governed under the provisions on NCGS §153A being sued in his personal and official capacity and he has waived government or sovereign immunities by the purchase of insurance covering the acts or omissions of *"DEF COM 4"*.

13. Upon information and belief, Defendant *"DEF COM 5"*, is a resident of Columbus County, North Carolina is the elected commissioner and appointed commissioner of the "CCBOC established and formed in Columbus County, North Carolina and incorporated under the laws of the State of North Carolina governed under the provisions on NCGS §153A being sued in his personal and official capacity and he has waived government or sovereign immunities by the purchase of insurance covering the acts or omissions of *"DEF COM 5"*.

14. Upon information and belief, Defendant *"DEF COM 6"*, is a resident of Columbus County, North Carolina is the elected commissioner and appointed commissioner of the "CCBOC established and formed in Columbus County, North Carolina and incorporated under the laws of the State of North Carolina governed under the provisions on NCGS §153A being sued in his personal and official capacity and he has waived government or sovereign immunities by the purchase of insurance covering the acts or omissions of *"DEF COM 6"*.

15. Upon information and belief, Defendant *"DEF COM 7"*, is a resident of Columbus County, North Carolina is the elected commissioner and appointed commissioner of the "CCBOC established and formed in Columbus County, North Carolina and incorporated under the laws of the State of North Carolina governed under the provisions on NCGS §153A being sued in his personal and official capacity and he has waived government or sovereign immunities by the purchase of insurance covering the acts or omissions of *"DEF COM 7"*.

16. Upon information and belief Defendant Lewis Hatcher *"SHERIFF"*, is a resident of

6

Columbus County, North Carolina and that he still serves as elected Columbus County Sheriff pursuant N.C. Cons. art. VII, § 2, under the provisions of N.C. Gen. Stat.§ 162-1, N.C. Gen. Stat.§ 162-2, certified by the SSBOE and CCBOE 14th November, 2014 and currently hold his lawful office per NCGS § 128-6, NCGS § 128-7 and Art. V1, Sec. 10 of the North Carolina State Const., being sued in his personal and official capacity and he has waived government or sovereign immunities by the purchase of insurance covering the acts or omissions. See Young v. Bailey, 368 N.C. 665, 781 S.E.2d 277 (2016).

17. Upon information and belief Defendant Jody Steadman Greene *"UNCERTIFIED SHERIFF"*, is a resident of Horry County or Robeson County, North Carolina and have not been elected Columbus County Sheriff by the lawful authority per NCGS § 128-6, has failed to meet the statutory and constitutional requirement per N.C. Cons. art. VII, § 2, under the provisions of N.C. Gen. Stat.§ 162-1, N.C. Gen. Stat.§ 162-1, failed to establish residency and domicile between 2016-2018 to run for the office of Sheriff of Columbus County being sued in his personal and official capacity and has waived government or sovereign immunities by the purchase of a bond in the amount of $25,000.00 and pooling agreement liability insurance covering the acts or omissions.

18. Upon information and belief, the Defendant Western Surety Company *"BOND"*, is a corporation organized and existing under the laws of South Dakota and is registered with the North Carolina Department of Insurance now doing business as CNA Surety Insurance with its office location St. Louis, MO., with its principal office is located in Sioux Falls, S.D. and is engaged in the business of surety and insurance sales, and in the course of that business issues sheriffs·bonds pursuant to N. C. Gen. Stat. § 162-8, and has issued one for the Columbus County *"SHERIFF'* and *"UNCERTIFIED SHERIFF"* being sued for bond.

19. Upon information and belief, the Defendant Jess Hill", is a resident of Columbus County, North Carolina and is the duly elected *"CLERK"*, of Columbus County per NC Const. art. IV, Sec. 9(3) an arm of the State of North Carolina, hereto paid by the state and in the due course of his employment with the state was NOT responsible for docketing and safe record keeping the oath of Jody Green per NC Gen Stat. § 153A-26 & NC Gen Stat. § 153A-1. (2), being sued in his personal and official capacity, has waived any immunities by the purchase of insurance covering the acts or omissions.

20. Upon information and belief, the Defendant Brenden Jones", is a resident of Columbus County, North Carolina and is the duly elected *"NC HOUSE"*, district #46 representing Robeson and Columbus Counties who signature the oath of Jody Steadman Greene "questionable in dispute" on 3rd December, 2018 without legal authority to do so and did not administer the oath of Jody Greene required as a matter of law.

21. Upon information and belief, the Defendant, RED DOME GROUP, INC., is a nonprofit corporation defined under the provisions of NC Gen Stat. § 55A-1-40 (5) with the NC Secretary of State" at all times relevant was perpetrating "fraud" to derail and impede on the immoral of Columbus County's 2018 election by and through its members, agents, employees, and/or contractor defendant Macrae Dowless and defendant Scott Andrew Yates.

22. Upon information and belief Defendant Leslie Macrae Dowless "DOWLESS" is a resident of

7

the Bladen County, employed by RED DOME GROUP, INC., and its president Scott Andrew Yates at times relevant the "criminal suspect" into NC 9 NCSBOE Investigation pertinently to the locations of Mecklenburg County, Robeson County, Bladen County and Columbus County 2018 primary and general elections that were held being sued in his personal and official capacity "employee contractor" hired by Defendant Jody Greene, Red Dome Group, Inc., and Scott Andrew Yates.

23. Upon information and belief Defendant Scott Andrew Yates is a resident of Mecklenburg, County, North Carolina, 15511 Britley Ridge Dr. Huntersville, NC 28078-5952 employed by RED DOME GROUP, INC., as its president of the corporation, at times relevant the "criminal suspect" into NC 9 NCSBOE Investigation pertinently to the locations of Mecklenburg County, Robeson County, Bladen County and Columbus County 2018 primary and general elections that were held being sued in his personal and official capacity "agent and ceo" hired by Defendant Jody Greene, Red Dome Group, Inc., purporting to be a legitimist business or person with lawful intent.

24. Upon information and belief Defendant AMANDA PRINCE "ATTORNEY" is a resident of Columbus County, North Carolina, employed as the County of Columbus legal Counsel, at all times relevant was the legal advisory for the CCBOE, CCBOC, DEFS' COM 1-7, acting under color of state law and territorial who ultimately misguide the defendants, being sued in her individual and official capacity as "Attorney" and she has waived any immunities by the purchase of insurance covering the acts or omissions.

25. Upon information and belief Defendant AARON HERRING "UNCERTIFIED MAJOR" is a resident of Columbus County, North Carolina, employed as Chief Deputy of Columbus County Sheriff by defendant "UNCERTIFIED SHERIFF" who lacks residency and domicile per N.C. Gen. Stat.§ 162-1, N.C. Gen. Stat.§ 162-2, hereto voids the employment thereof being sued in his individual and official capacity as "MAJOR' and he has waived any immunities by the purchase of insurance covering the acts or omissions.

26. Upon information and belief Defendant DANNY EARL BRITT, JR., is a resident of Robeson County, North Carolina and is a NC State Senator representing Robeson and Columbus Counties, who is counsel of the record for defendant Brenden Jones 7:19-CV-00008-D, ran a joint campaign with both NC House and UNCERTIFIED SHERIFF during the 2018 Election being sued in his individual and official capacity as "SENATOR and" PRIVATE COUNSEL "and he has waived any immunities by the purchase of insurance covering the acts or omissions.

27. Upon information and belief Defendant BOYD T. WORLEY, is a resident of Columbus County, North Carolina and is employed with Wight, Worley, Pope, Ekster, & Moss PLLC., a license attorney who is counsel of the record for defendant Steadman Jody Greene Columbus County Superior Court File No. 19 cvs 019 *State of North Carolina, et Ex Rel Sheriff Lewis Hatcher vs. Jody Greene and Etals;* and counsel for the record IN THE MATTER OF PROTEST, being sued in his individual and official capacity as "PRIVATE COUNSEL "and he has waived any immunities by the purchase of insurance covering the acts or omissions.

28. Upon information and belief Defendant NORWOOD P. BLANCHARD III. is a resident of

8

New Hanover County, North Carolina and is employed with Crossley, McIntosh, Collier, Hanley & EDES, PLLC., a license attorney who appeared as counsel of the record for defendant Steadman Jody Greene, CCBOC "collective commissioners, CCBOE "collective board members" file 7:19-CV-00008-D and who is counsel of the record for Columbus County Board of Commissioners "collectively" in Columbus County Superior Court File No. Court File No. 19 cvs 019 *State of North Carolina, et Ex Rel Sheriff Lewis Hatcher vs. Jody Greene and Etals;* , being sued in his individual and official capacity as "PRIVATE COUNSEL "and he has waived any immunities by the purchase of insurance covering the acts or omissions.

29. Original jurisdiction over this case is conferred upon this Court pursuant to 28 U.S. C. § 1331, as this action arises under the United States Constitution and 42 U.S.C. §1983, and conferred upon this Court pursuant to 28 U.S.C. §1343(a) as this action is to redress the deprivation of the privileges secured under the United States Constitution, arising from actions of the ' Defendants taken under the color of State law.

30. This Court has supplemental jurisdiction over the Plaintiffs State law claims pursuant to 28 U.S.C. §1367 as the State law claims give rises for this court's enforcement of NC Gen Stat. § 128-16 for the removal of unfit sheriff are so related that they form part of the same case or controversy, and removal for a sheriff or perpetrator sheriff to willfully omit, neglect or refuse to discharge any of the duties of his office, such punishment by removal from the office of Sheriff per NC Gen Stat. § 14-230.

31.Venue is proper in this District under 28 U.S.C. §1391(b), as the Defendants reside in this District, and the claims asserted herein arose in this District.

32. Upon information and belief, on or about February 13, 2016, Defendant "UNCERTIFIED SHERIFF" sworn and subscribed before a notary "acknowledgment of candidacy" to run for office of sheriff about 2 years before time to apply for 2018 Election.

33. That "UNCERTIFIED SHERIFF" then went to the Columbus County Board of Elections and he filed his "notice of candidacy" for the February 2017, approximately 1 year before the time to apply for the office of sheriff in 2018.

34. That "UNCERTIFIED SHERIFF", went back to the Columbus County Board of Elections on February 13, 2018, sworn to certify his "nickname" on the notice of candidacy that was filed back in December 2017.

35. All times relevant said "notice of candidacy" in question for Steadman Jody Greene is deem "VOID" and improper.

36. That around January 2018, Defendant CCBOE gave defendant Sheriff Lewis Hatcher a copy of the notice of candidacy of defendant "UNCERTIFIED SHERIFF" showing a clear copy of the stamp "2017".

37. Thereafter, defendant CCBOE gave this Plaintiff a copy of the notice of candidacy of defendant "UNCERTIFIED SHERIFF" showing a human intent to deface the stamp to show"2018" in fraudulent intent.

9

38. There has been no issued corrected "notice of candidacy" for Steadman Jody Greene if the intent of the face of the document was an error, to satisfy any defense to the claims of material destruction, alter, or obstruction to commit fraud.

39. At all times relevant Defendant "UNCERTIFIED SHERIFF" did not withdraw his notice of candidacy filed in the matter.

40. That on May 8, 2018 Defendant, "SHERIFF" beat his democratic opponent to continue his office as sheriff.

41. That on May 8, 2018 Defendant, "UNCERTIFIED SHERIFF" beat his opponent republican candidate in the intent to run against Defendant "SHERIFF" in the November 6, 2018 general election.

42. Upon information and belief, on August 10, 2018 Defendant "UNCERTIFIED SHERIFF" hired Defendant "DEFUNCT" corporation, Dowless and Yates with check in the amount of \$4,300.00 Dollars.

43. Upon information and belief, Defendant Dowless came to the Columbus County Board of Elections August 31, 2018 and contacted employees by email inquiring about "absentee ballots, and pertinent information about the citizens of Columbus County voter's statistics.

44. Upon information and belief, Defendant Dowless came to the Columbus County Board of Elections September 4, 2018 and contacted employees by email inquiring about "absentee ballots, and pertinent information about the citizens of Columbus County voter's statistics.

45. That the County Election for the Office of Sheriff was held November 6, 2018 between "SHERIFF" and "UNCERTIFIED SHERIFF".

46. Upon information and belief, Defendant Dowless came to the Columbus County Board of Elections Between November 7-November 8, 2018, with a request form seeking copies of Provisional Ballots of all 26 precincts and Absentee Ballots by mail.

47. At all times relevant Macrae Dowless and Lisa Britt at the request of Defendant Dowless or Red Dome Group representatives made the appearances on behalf of Scott Yates and Red Dome Group, Inc. to the CCBOE to pick up requested information.

48. At all times relevant Defendant Leslie Macrae Dowless Jr., used the email address of reddome18@yahoo.com and the cell phone 910-885-1121 during the 2018 elections held in the intent to derail the Plaintiff's civil rights.

49. Upon information and belief Defendants Red Dome Group, Inc., Leslie Macrae Dowless and Andrew Scott Yates collected absentee ballots illegally from numerous citizens of Columbus County by handling unsealed ballots, throwing ballots not favorable for defendant Greene in the trash belonging to a large percentage of AFRICAN American Citizens in the intent to derail the 2018 Columbus County's Election results to favor "UNCERTIFIED SHERIFF" who retained him for services.

10

50. Upon information and belief Defendant NC HOUSE retained the services of Red Dome Group, Scott Yates, and Leslie Macrae Dowless to help him win 2018 General Election for the seat against his opponent Barbara Yates.

51. That Defendants "UNCERTIFIED SHERIFF", NC HOUSE Brenden Jones, and Danny Earl Britt, Jr., held campaign joint rallies for 2018 General Election on October 29, 2018, while knowing that Greene lack residency or domicile here in Columbus County to run for the office of the sheriff.

52. That after the precincts report came in the results appeared to be in favor of "UNCERTIFIED SHERIFF" for the position of Sheriff, however the vote tally fell less than I% separating the candidates and a hand recount was requested by "SHERIFF".

53. That the results of the hand recount at that time showed "UNCERTIFIED SHERIFF" to be ahead by 37 votes.

54. That after the hand recount, protests to the entire election were filed with the Columbus County Board of Elections and after a false start earlier in the week due to lack of notice, the protests were heard Friday, November 30, 2018.

55. During the hearing held, November 30, 2018 before the CCBOE, Plaintiff appeared to comment on this public matter and was refrained from speaking further by the defendants "CCBOE", "FIPPS", "BLAKNEY", "JOANN", "WARD", and "ATTORNEY" in violation of NC. Gen. Stat. § 163A-1178 (c) (2).

> The county board may receive evidence at the hearing from any person with information concerning the subject of the protest. The person who made the protest shall be permitted to present allegations and introduce evidence at the hearing. Any other person to whom notice of hearing was given, if present, shall be permitted to present evidence. The board may allow evidence by affidavit. The board may permit evidence to be presented by a person to whom notice was not given, if the person apparently has a significant interest in the resolution of the protest that is not adequately represented by other participants.

56. That all protests were timely filed within the provisions of NCGS § 163A statutorily time to for the filing and that the appeal protests were submitted to the State Board of Elections concerning the Columbus County Election questioning the irregularities found with absentee ballots and the residency of "UNCERTIFIED SHERIFF" inquiring into his qualification for office on December 11, 2018 in a timely manner.

57. Upon information and belief all protests were filed by register voters within the County of Columbus.

58. That after the Columbus County Board of Elections dismissed most of the election protests for technicalities, as such denying them their right to Amend the protests, the Board did hear the protest of one voter, Nancy Hill.

59. That there are no North Carolina General Statues to not allow a protest to be amended.

11

Case 7:19-cv-00088-D   Document 1   Filed 05/03/19   Page 11 of 43

60. That Mrs. Hill's protest was heard but the Columbus County Board of Elections rejected her Protest and Mrs. Hill appealed her protest to the State Board of Elections.

61. That the other protests were appealed as well to the State Board of Elections.

62. That the intentions of the protesters were made on the record as they informed the County Board of Elections that they were appealing the decisions made during that session.

63. That upon information and belief, the County Board of Elections did not issue an official "order of dismissal" for the protest until December 10, 2018, however District Court Judge Ashley Gore administered UNCERTIFIED SHERIFF'S Oath of Office per NCGS § 11-2 on Monday, December 3, 2018 at 10:00 AM, without certification issuance by the Columbus County Board of elections, thereafter Judge Ashley Gore refused to signature the oath per NCGS § 11-7.1

64. That at that time, "UNCERTIFIED SHERIFF" did not have a Certificate of the Election from the Columbus County Board of Election and no certification has been issued to date violated NCGS § 128-6, NCGS § 128-7 and Art. V1, Sec. 10 of the North Carolina State Const.

65. That although Judge Ashley Gore administered the Oath of Office in open court, the filed copy of "Oath of Office" clearly shows Rep. Brendan Jones signed the Oath of Office and Defendant NC HOUSE violated NCGS § 11-7.1 and 10B-20 (c) (1) knowingly that he did not administer the oath.

66. That, upon information and belief, due to the Oath of Office being signed by Rep. Brendan Jones who did not administer said oath and cannot attest that "UNCERTIFIED SHERIFF" appeared before him to take the oath, the swearing in "UNCERTIFIED SHERIFF" is void ab initio. /see/ AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY v. John Randolph INGRAM et al. 271 S.E.2d 46 (1980) 301 N.C. 138 also see Supreme Court of North Carolina No. 15. October 7, 1980.

> It is a rule of statutory construction that a statute declared unconstitutional is void ab initio and has no effect. Board of Managers v. Wilmington, 237 N.C. 179, 74 S.E.2d 749 (1953); Idol v. Street, 233 N.C. 730, 65 S.E.2d 313(1951); Sessions v. Columbus County, 214 N.C. 634, 200 S.E. 418 (1939); State v. Williams, 146 N.C. 618, 61 S.E. 61 (1908). This rule was best stated in Norton v. Shelby County, 118 U.S. 425, 442, 6 S. Ct. 1121, 1125, 30 L. Ed. 178, 186 (1886), where Justice Field, speaking for the Court, said: "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed."

67. Upon information and belief Defendant Jess Hill "CLERK" knew the oath was void, certified defendant "UNCERTIFIED SHERIFF'S" oath as a True Copy, filed stamped the oath being at 7:17 AM on December 3, 2018 before the Columbus County Courts opened at 8:30 AM and before the ceremony ever begun at 10:00 AM in bad faith.

68. That at least 3 protests were appealed to the State Board of Elections to be heard after such board resumes on January 31, 2019 and at least three (3) of these are appeals from the Columbus County Board of Elections session on Friday, November 30, 2018.

69. That upon information and belief, despite being told by the State Board of Elections back in December 2018, that Defendant SHERIFF HATCHER is the Constitutional and Statutory Sheriff, Defendant "UNCERTIFIED SHERIFF" refuses to "step aside" and discharge his duties with criminal intent pending the appeals to the State Board of Elections in contravention to state law while placing the citizens of Columbus County at grave risk.

70. That "UNCERTIFIED SHERIFF'S" refusal to step aside places Columbus County in legal jeopardy in that all arrests and searches are unlawful and illegal subjecting Columbus County to potential civil unrest and increasing civil liability.

71. That the defendant "UNCERTIFIED SHERIFF" deputies/officers of the Columbus County Sheriff's Office are operating without the cover of the North Carolina Constitution nor the United States Constitution creating chaos in the rule of law.

72. That an action was filed by NC State Attorney General Ex Rel. Lewis Hatcher vs. Jody Greene in a Columbus County Superior Court over the title ship of Sheriff per Chapter 41 and both parties has reached s confidential settlement to await the findings of the County and State Board of Elections.

73. The action General Ex Rel. Lewis Hatcher vs. Jody Greene in a Columbus County Superior Court was dismissed by the State/ Plaintiff.

74. That on March 25, 2019 the NC State Board of Elections remanded the protest as follows that Smith's original protest is now before the County Board. The statutes require that a protestor substantially comply with the form requirements, and the State Board has determined that Gloria Smith's original protest met that threshold. G.S. § 163A-1178(a)(1). Therefore, the County Board should not have rejected Smith's original protest on the basis that she failed to correctly mark Prompt 3 on the Protest Form. See Record at 40. Her original protest is now remanded to the County Board for your adjudication.

75. That on April 10, 2019 the Columbus County Board of Elections decided that Defendant "UNCERTIFIED SHERIFF" lacks residency and domicile to run for the office of Columbus County Sheriff.

76. That defendant SHERIFF HATCHER is ready to continue the duties he was charged with in assuming the Office of Sheriff in the 2014 election and has in fact pulled his retirement, after being unlawfully forced to retire by the Defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC., "DOWLESS", SCOTT ANDREW YATES" ,"NC HOUSE", CLERK", "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", 'CCBOC' "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", "PRINCE'S", SENATOR BRITT, WORLEY, AARON HERRING, and NORWOOD* actions to continue to avoid the decision made by the new Columbus County Board of Elections members, that Jody Green lacks residency or domicile to run for the Office of Sheriff in 2017 and 2018.

77. That Art. VI, Sec. 10. (Continuation in Office) of the North Carolina Constitution states "In the absence of any contrary provision, all officers in this State, whether appointed or

· 13

elected, shall hold their positions until other appointments are made or, if the offices are elective, until their successors are chosen and qualified meaning that defendant "SHERIFF" should hold the office and not "UNCERTIFIED SHERIFF".

## **FIRST CLAIM FOR RELIEF**
### **Procedure Due Process violations under the Fourth Amendment**
### **Clause of United States Constitution**
### **42 USC Sec 1983**

78. Plaintiff re-alleges and incorporates paragraphs 1 through 77 as if more fully set forth herein.

79. At all times relevant the "notice of candidacy" for defendant "UNCERTIFIED SHERIFF" is void because he acknowledges his candidacy 2 years before 2018 General Election process.

80. Essentially, Greene lacks residency and domicile to run for the office of Sheriff back at least one year prior to November 6, 2018 General Election in violation of NC. Gen. Stat. § 162-2.

> Disqualifications for the office. No person shall be eligible for the office of sheriff who is not of the age of 21 years, or has not resided in the county in which he is chosen for one year immediately preceding his election. No person shall engage in the practice of law or serve as a member of the General Assembly while serving as sheriff.

81. That defendant "SHERIFF LEWIS HATCHER", clearly has the office of sheriff as a matter of law pursuant to NC. Gen. Stat. § 128-7, but the defendants", *'CCBOC' "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", "PRINCE'S", SENATOR BRITT, WORLEY, AARON HERRING, and NORWOOD* continues to uphold "UNCERTIFIED SHERIFF" in a deceptive defensive claim of fraud conspiracy.

> NC. Gen. Stat. § 128-7 Officer to hold until successor qualified. All officers shall continue in their respective offices until their successors are elected or appointed, and duly qualified. (1848, c. 64, s. 2; R.C., c. 77, s. 3; Code, s. 1872; Rev., s. 2368; C.S., s. 3205.)

82. The Decision made by the Columbus County Board of Elections on April 10, 2019 determines that defendant "UNCERTIFIED SHERIFF" still lacks residency and domicile to run for the office of Columbus County Sheriff in 2018.

83. That defendant "UNCERTIFIED SHERIFF" did not obtain a certification of the 2018 General Election that he was the winner and the election for him is not certified even today.

84. The old Columbus County Board of Elections" collectively" "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR",* had a statutory procedural due process duty to investigate the residency of Defendant "UNCERTIFIED SHERIFF" including his residency back between 2016-2018 pursuant to NC. Gen. Stat. § 163A-977 (b), and cancel the notice of candidacy of any person who does not meet the constitutional or statutory qualifications for the office, including residency.

14

NC. Gen. Stat.§ 163A-977 (b) When any candidate files a notice of candidacy with a board of elections under G.S. 163A-974 or under G.S. 163A-1615(2), the board of elections shall, immediately upon receipt of the notice of candidacy, inspect the registration records of the county, and cancel the notice of candidacy of any person who does not meet the constitutional or statutory qualifications for the office, including residency.

85. Defendant Boyd Worley prepared a warrant deed for the property of 1049 Page Mill Road, Cerro Gordo NC on April 16, 2013 BK: RB 1058, PG 212-213 and he conducted a "title search", knew there was no structure to the property to articulate residency or domicile.

86. Defendant Boyd T. Worley saw that defendant "UNCERTIFIED SHERRIFF" swore that no one resides on that Agriculture farm land track property of 1049 Page Mill, Road Cerro Gordo NC.

87. Defendant Boyd T. Worley had knowledge that Greene has not exchange his tax status with the Tax Assessment Office of Columbus County as of today required as a matter of law before any structure could be work or dwelling pursuant to the affidavits on file and NC Gen. § Stat. 105 - 277.2, NC Gen. § Stat. 105 277.3, and NC Gen. § Stat. 105 277.4 (a).

88. All times relevant defendant "UNCERTIFIED SHERIFF" knew that he had to exchange his tax status, but failed to do so.

89. Upon information and belief, on or about February 13, 2016, Defendant "UNCERTIFIED SHERIFF" sworn and subscribed before a notary "acknowledgment of candidacy" to run for office of sheriff about 2 years before time to apply for 2018 Election.

90. That "UNCERTIFIED SHERIFF" then went to the Columbus County Board of Elections and he filed his "notice of candidacy" for the February 2017, approximately 1 year before the time to apply for the office of sheriff in 2018.

91. That "UNCERTIFIED SHERIFF", went back to the Columbus County Board of Elections on February 13, 2018, sworn to certify his "nickname" on the notice of candidacy that was filed back in December 2017.

92. All times relevant said "notice of candidacy" in question for Steadman Jody Greene is deem "VOID" and improper.

93. That around January 2018, Defendant CCBOE gave defendant Sheriff Lewis Hatcher a copy of the notice of candidacy of defendant "UNCERTIFIED SHERIFF" showing a clear copy of the stamp "2017".

94. Thereafter, defendant CCBOE gave this Plaintiff a copy of the notice of candidacy of defendant "UNCERTIFIED SHERIFF" showing a human intent to deface the stamp to show"2018" in fraudulent intent.

95. There has been no issued corrected "notice of candidacy" for Steadman Jody Greene if the intent of the face of the document was an error, to satisfy any defense to the claims of material destruction, alter, or obstruction to commit fraud.

15

96. At all times relevant Defendant "UNCERTIFIED SHERIFF" did not withdraw his notice of candidacy filed in the matter.

97. At all times relevant, defendant "UNCERTIFIED SHERIFF", knew he was not a residency or domicile of Columbus County to run for the office of sheriff and he commit a felony perjury per NC. Gen. Stat.§ 163A-920.

§ 163A-920. Making false affidavit perjury. Any person who shall knowingly make any false affidavit or shall knowingly swear or affirm falsely to any matter or thing required by the terms of this Part to be sworn or affirmed shall be guilty of a Class I felony. (1979, c. 357, s. 4; 1987, c. 565, s. 2; 2017-6, s. 3.)

98. At all times relevant defendants Columbus County Board of Elections" collectively" "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", and" UNCERTIFIED SHERIFF"* acknowledge the notice of candidacy for "UNCERTIFIED SHERIFF" was not valid, being signature in 2016, filed in 2017, before the time to do so and failed to change their actions of negligence and corruption.

99. At all times relevant defendants Columbus County Board of Elections" collectively" "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR",* failed to investigate the residency of defendant back between 2016-February 13, 2018 and cancel the candidacy of "UNCERTIFIED SHERIFF" as a matter of law pursuant to NC. Gen. Stat.§ 163A-977 (b).

100. At all times relevant defendants AARON HERRING, BOYD T. WORLEY, DANNY EARL BRITT, BRENDEN JONES, likewise acknowledge that defendant "UNCERTFIED SHERIFF" was misrepresenting the Columbus County Board of Elections.

101. Plaintiff did cast a ballot in the 2018 Election.

102. Defendant "UNCERTIFIED SHERIFF" hired defendants "RED DOME GROUP, INC., "DOWLESS", SCOTT ANDREW YATES" to steal the election, by harvesting ballots and mishandling in the manner to derail this election and ultimately blocked the Plaintiff's fair right to vote in this election process.

103. That RV or Campers are illegal to claim as a permanent or primary dwelling of occupancy and thereby disqualifies Defendant's residency on the face of the County's records per NC. Gen. Stat.§ 20-4.01. (32b)

(32b) Recreational Vehicle. – A vehicular type unit primarily designed as temporary living quarters for recreational, camping, or travel use that either has its own motive power or is mounted on, or towed by, another vehicle. The basic entities are camping trailer, fifth-wheel travel trailer, motor home, travel trailer, and truck camper. This term shall not include a manufactured home as defined in G.S. 143-143.9(6). The basic entities are defined as follows: a. Camping trailer. – A vehicular portable unit mounted on wheels and constructed with collapsible partial side walls that fold for towing by another vehicle and unfold at the campsite to provide temporary living quarters for recreational, camping, or travel use.

16

104. The Defendant UNCERTIFIED SHERIFF'S residency violates Federal Law and pertinently violates the DEFENDANTS *'CCBOC' "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", and "ATTORNEY"* governing body of policies and code of ordinances Columbus County North Carolina - Code of Ordinances Chapter 10 – Land Use on page 8.

> Recreational Vehicle (RV) means a vehicle, which is: (1) Built on a single chassis; (2) 400 square feet or less when measured at the largest horizontal projection; (3) Designed to be self-propelled or permanently towable by a light duty truck; and (4) Designed primarily not for use as a permanent dwelling, but as temporary living quarters for recreational, camping, travel, or seasonal use.

> Columbus County North Carolina - Code of Ordinances Chapter 10 – Land Use on page 26 (6) Recreational Vehicles. Recreational vehicles shall either: (a) Be on site for fewer than 180 consecutive days and be fully licensed and ready for highway use (a recreational vehicle is ready for highway use if it is on its wheels or jacking system, is attached to the site only by quick disconnect type utilities, and has no permanently attached additions); or (b) Meet all the requirements for new construction.

105. SCDMV Records support that defendant "UNCERTIFIED SHERRIF" purchase d the 2001 RV back November 30, 2017, a tag was issued on December 20, 2017, the RV address was title to 323 55th Ave., N., North Myrtle Beach, SC as his primary residency.

106. Defendant 'UNCERTIFIED SHERIFF" failed to retitle the RV to the State of North Carolina.

107. The RV is where defendant "UNCERTIFIED SHERIFF" claims to have lived since November 2017.

108. The general election for the office of Columbus County Sheriff was held on November 6, 2018, and defendant "UNCERTIFIED SHERIFF" would not have survived the one year statutory requirements even if the RV was legal.

109. Furthermore, defendant "UNCERTIFIED SHERIFF" could not vote in this Columbus County's 2018 election much less run for the office of the sheriff pursuant to Art. VI, Sec. 2(1) of the North Carolina Constitution, because he lacks residency and domicile.

110. In Hall v. Wake County Board of Elections 280 N.C. 600, 605 (1972) Supreme Court of North Carolina No. 37 precisely speaks of residence and domicile and that two things must occur to constitute a domicile: First, residence; second, the intent to make the place of residence a home. Martin v. Martin, 253 N.C. 704, 118 S.E.2d 29 (1960); Sheffield v. Walker, 231 N.C. 556, 58 S.E. 2d 356 (1950); Reynolds v. Lloyd Cotton Mills, 177 N.C. 412, 99 S.E. 240 (1919); Wheeler v. Cobb, 75 N.C. 21 (1876); Home v. Home, 31 N.C. 99 (1848). One who lives in a place for a temporary purpose with the design of leaving when that purpose has been accomplished is a "mere sojourner." Groves v. Comrs., 180 N.C. 568, 105 S.E. 172(1920). To effect a change of domicile there must be (1) an actual abandonment of the first domicile, accompanied by the intention not to return to it and (2) the acquisition of a new domicile by actual residence at another place, coupled

with the intention of making the last acquired residence a permanent home. Owens v. Chaplin, supra; In re Finlayson, 206 N.C. 362, 173 S.E. 902 (1934).

111. Our courts must apply the fact finder and the person's conduct must be consistent to what they say, specifically defendant Steadman Jody Greene to determine the "intent". Farnsworth v. Jones, 114 NC App 182, 189 (1994).

112. Defendant "UNCERTIFIED SHERRIF'S" word is inadmissible, merely misrepresentation in the intent to invade taxes in both THE State of South Carolina and North Carolina, he never abandoned the SC residency or Lumberton NC, and he failed to conduct any movement onto the 1049 property as such any permits, no residency light bill, no septic tank, no water or drainage to articulate any intent to remain in Columbus County between 2012-2019.

113. The records of the North Carolina Highway Patrol support that defendant "UNCERTIFIED SHERIFF" lived in Robeson County, Lumberton NC during 2017.

114. Our Supreme Court and the Court of Appeals have heard numerous cases in which a county board of elections has been a party to the litigation. E.g., Democratic Party of Guilford Cnty. v. Guilford Cnty. Bd. of Elections, 342 N.C. 856, 467 S.E.2d 681 (1996); Revels v. Robeson Cnty. Bd. Of Elections, 167 N.C.App. 358, 605 S.E.2d 219 (2004).

115. Our Supreme Court and the North Carolina Court of Appeals hold that county boards of elections have the power to sue and be sued and that they are distinct legal entities from the counties in which they are located. We also hold the GCBOE has standing. See Graham County Board of Elections v. Graham County Board of Commissioners No. COAl0 -653 Decided June 7, (2011).

116. Only in extraordinary circumstances will challenge to a state election beyond the ordinary dispute over the counting and marketing of ballots that rise to the level of a constitutional deprivation and this case does. "Duncan v. Poythress, 657 F.2d at 703. (quoting Griffin v. Bums, 570 F.2d 1065, 1077 (151 Cir. 1978))". The evidence in this case alleges "electoral fraud" and "maladministration" on the parties sued that was attended by the intention to discriminate against the affected voters to include this plaintiff or motivate by a desire to subvert the right of the voter to choose their Representative, more so.

117. Its established cases that any lack of intent to violate the plaintiff's constitutional rights would not necessarily be a defense if the defendants should have known that their conduct would have that effect. Wood v. Strickland, 420 U.S. 308, 95 S. Ct. 992, 1001, 43 L.E.d.2d 214 (1975).

118. That no certificates of election were issued because the protests heard/or not heard due to technicalities by the County Board of Elections were appealed to the State Board of Elections December 11, 2018 and the State Board of Elections directed the County Board of Elections to not issue the Certification.

119. Defendant "DIRECTOR" Carla Strickland, employee Jackie Bozeman, and Defendant "ATTORNEY" Amanda Prince back 2018 told defendant "UNCEERTIFED SHERIFF" to go and conduct a swear in ceremony, knowingly that protests were pending by individuals,

no certifications were granted that Greene was a winner of 2018 election for sheriff, that the notice of candidacy was "void" being sworn in 2016 to run for office rather than in 2018, that individuals at the Board of Election attempted to alter the stamp from filing date 2017 to 2018, and knowingly that the Columbus County Board of Elections did not investigate the residency of defendant "UNCERTIFIED SHERIFF".

120. On December 3, 2018 at 10:00 AM, Defendant "UNCERTIFIED SHERIFF "appeared before District Court Judge Ashley Gore with his hand placed on the Holy Bible.

121. Although Judge Ashley administered the Oath of "UNCERTIFIED SHERIFF", Judge did not signature the oath.

122. Plaintiff relied on the fact that Judge Ashley administered the oath of Jody Greene, such was the intent of false representation because the Judge did not sign to that effect.

123. Rather, defendant "NC HOUSE" Brenden Jones signed the oath of defendant "UNCERTIFIED SHERIFF", without the authority under the color of law or without defendant "UNCERTIFIED SHERIFF", having any certification of winning the 2018 General Election for the Office of Columbus County Sheriff.

124. There were not two different Oaths found anywhere for defendant Jody Greene and the actions taken by the Defendants the County Manager "Michael Stephens, CCBOC' "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", "ATTORNEY PRINCE", "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR",* "UNCERTIFIED SHERIFF", CLERK, and NC HOUSE were void.

125. Defendant "CLERK" Jess Hill had no lawful duty as the Clerk of Superior Court to maintain such records as the Oath of Office Required for County Officers to include the Oath of the Sheriff pursuant to NC Gen Stat. § 153A-26.

> NC Gen Stat. § 153A-26. Oath of office Each person elected by the people or appointed to a county office shall, before entering upon the duties of the office, take and subscribe the oath of office prescribed in Article VI, Sec. 7 of the Constitution. The oath of office shall be administered by some person authorized by law to administer oaths and shall be filed with the clerk. On the first Monday in December following each general election at which county officers are elected, the persons who have been elected to county office in that election shall assemble at the regular meeting place of the board of commissioners. At that time each such officer shall take and subscribe the oath of office. An officer not present at this time may take and subscribe the oath at a later time.

126. NC Gen Stat. § 153A-1. (2) defines where the Oath of office Each person elected by the people or appointed to a county office shall, before entering upon the duties of the office, take and subscribe the oath of office prescribed in Article VI, Sec. 7 of the Constitution "Clerk" means the clerk to the board of commissioners and NOT the Clerk of Superior Court.

127. Further, Jess Hill (clerk) did not administer the Oath of defendant Steadman Jody Greene pursuant to NC Gen Stat.§ 11-7.1 (a) (1) Who may administer oaths of office (a) Except as

19

otherwise specifically required by statute, an oath of office may be administered by: (1) A justice, judge, magistrate, clerk, assistant clerk, or deputy clerk.

128. Nonetheless, Defendant Jess Hill had no duty therein his employment by the State of North Carolina to file, clock in, or stamp the Oath of defendant Steadman Jody Greene pursuant to Article 12 NC Gen. Stat. § 7 A-103.

129. It's clearly a statutory violation of misconduct in Office on Defendant Jess Hill who "knew the oath was void" and certified Defendant Sheriff Greene's oath of office as a true copy and filed stamped the oath at 7: 17 a.m. before the Courthouse opened at 8:30 a.m. and before the ceremony at 10:00 a.m. "in bad faith."

130. Established case law allows a state official to be sued in federal court. See Hafer v. Melo, 502 U.S. 21,20 (1991) ('Insofar as respondents seek damages against [a state official] personally, the Eleventh Amendment does not restrict their liability to sue in federal court."), Maisha v. Univ. of NC., No.l:12-cv-CV-371, 2013 WL 1232947, at *4 (M.D.N.C. Mar. 27, 2013) (unpublished) (denying as futile motion to amen~ to add official capacity claim for conversion because North Carolina has not waived sovereign immunity for the intentional tort of conversion, but allowing amendment to assert conversion claim against defendants in their individual capacities) ( citation omitted), aff'd, 641 F. App'x 246 (4th Cir. Mar 17, 2016).

131. The State of North Carolina provides for the defense of any employee or former employee in a civil action brought against them in their official or individual capacity, or both, on account of and act or omission made in the scope and course of their employment as a State employee. N. C. Gen. Stat. § 143-300.3. And the State of North Carolina would have to pay "a final judgment awarded in a court of competent jurisdiction against a State employee." N.C. Gen. Stat. § 143-300.6.

132. In this case Defendant Jess Hill did not act in his official or individual capacity, or both, on account of and act or omission made in the scope and course of his employment as a State employee, because he is not the Clerk of the Board of Commissioners who has full authority to clock, file, and safe record keep the Oaths for County Officers to include the Oath of the Sheriff pursuant to NC Gen Stat. § 153A-26 and define pursuant to NC Gen Stat. § 153A-1 (2).

133. That on March 25, 2019 the NC State Board of Elections remanded the protest as follows that Smith's original protest is now before the County Board. The statutes require that a protestor substantially comply with the form requirements, and the State Board has determined that Gloria Smith's original protest met that threshold. G.S. § 163A-1178(a)(1). Therefore, the County Board should not have rejected Smith's original protest on the basis that she failed to correctly mark Prompt 3 on the Protest Form. See Record at 40. Her original protest is now remanded to the County Board for your adjudication.

134. That during the hearing held at the Columbus County Courthouse on April 3-4, 2019, defendants "UNCERTIFIED SHERIFF" and AARON HERRING, allowed numerous Greene supporters to threaten Plaintiff with verbal and physical assaults capture on video in the intent to

criminally intimidate Plaintiff as a witness called to testify at the Board of Election hearing against defendant "UNCERTIFIED SHERIFF".

135. That on April 3, 2019, defendant "UNCERTIFIED SHERIFF" caught an attitude and cussed at Plaintiff at that hearing saying I'm sick of his "shit" and walked out after Plaintiff presented testimony that ultimately prevailed against him.

136. That on April 4, 2019 defendant "UNCERTIFIED SHERIFF", BOYD T. WORLEY, and AARON HERRING prohibited Plaintiff from entering his property which was granted a public forum part of the hearings in violation of the [procedural process of the public hearing that allowed all public to enter the premises.

137. That on April 4, 2019 defendant "UNCERTIFIED SHERIFF" mother approached Plaintiff and grabbed him, defendant AARON HERRING threatened Plaintiff in the presence of Professor Irving Joyner, Attorney Oscar Blanks and numerous witness and further conducted mistreatment and unfairness to the procedural process granted and consented thereto by Greene's lawyers in violation of NC Gen. Stat. § 14-226.

> NC Gen. Stat. § 14-226. Intimidating or interfering with witnesses. (a) If any person shall by threats, menaces or in any other manner intimidate or attempt to intimidate any person who is summoned or acting as a witness in any of the courts of this State, or prevent or deter, or attempt to prevent or deter any person summoned or acting as such witness from attendance upon such court, the person shall be guilty of a Class G felony.

138. That on April 10, 2019 the Columbus County Board of Elections decided that Defendant "UNCERTIFIED SHERIFF" lacks residency and domicile to run for the office of Columbus County Sheriff.

139. That on April 9, 2019, Plaintiff served on Defendants "UNCERTIFIED SHERIFF", CLERK JESS HILL, SHERIFF LEWIS HATCHER notice to preserve materials, audio or video of the courthouse cameras on from April 3-4, 2019 to articulate the crimes that was allowed in the presence of deputies of the sheriff whether certified or not from individuals towards this plaintiff.

140. The defendants 'CCBOC' "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", and "ATTORNEY" had a legal duty to investigate the matter of "UNCERTIFIED SHERIFF" residency or whether he complies with the local government policies, ordinances, building codes by having a RV or camper on (abandonment) private property and NOT a "campground", and did not have septic tank in violation of Environmental Health Hazards.

141. On December 3, 2018, County Manager Michael Stephens and defendants CCBOC' "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", and "ATTORNEY illegally accepted a personnel application for "UNCERTIFIED SHERIFF", and had no legal authority to do so because of pending protests with the Board of Elections whom did not certify defendant "UNCERTIFIED SHERIFF" for office of sheriff.

21

142. County Manager Michael Stephens and defendants CCBOC' "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", and "ATTORNEY, had clear knowledge that they were violating the laws of this state and did in fact evade the legal process in bad faith and fraudulent intent, ultimately lied to this Plaintiff, citizens of Columbus County and defendant Sheriff Lewis Hatcher that the election was certified.

143. That Defendant "UNCERTIFIED SHERIFF" was not sworn in by the proper authority, lacking the certifications from CCBOE that he was a winner of the 2018 General Election.

144. That in *In re Election Protest of Fletcher,* 625 S.E.2d 564 (N.C. App., 2006), Bill Fletcher, Republican candidate for Superintendent of Public Instruction ran against Democratic Candidate June Atkinson. After Atkinson was determined to have more votes, Fletcher filed election protests. The State Board of Elections ordered that Atkinson be certified as the winner and a certificate of election was issued to Atkinson.

145. That in *Fletcher,* the com! states, "The declaration of election as contained in the certificate conclusively settles prima facie the right of the person so ascertained and declared to be elected to be inducted into, and to exercise the duties of the office." *Id* at 567.

146. That in *Fletcher,* the Court goes on to state, "The Board of Elections does not have the statutory authority to revoke Atkinson's certificate of election." The Court held Fletcher's appeal to be moot and dismissed on that basis. *Id.*

147. In the instant matter, *Fletcher* is distinguishable in that no certificate of election has been issued therefore, no right has been conferred on "UNCERTIFIED SHERIFF" to occupy the office.

148. That in *People ex rel. Duncan v. Beach,* 242 S.E. 2d 796, 294 N.C. 713 (N.C. 1978),

> The Plaintiff Duncan was lawfully appointed to fill the office of District Court Judge in 1973 and ran for election to the same office in 1974 against Benjamin Beach. Defendant Beach obtained a majority of the votes mid was sworn in to office with no objection from Plaintiff Duncan. Prior to the election, Defendant Beach was not eligible at the time of his election to hold office due to his age. This fact WAS NOT KNOWN by Plaintiff Duncan, nor called to attention of the State Board of Elections or the general public. Defendant Beach was thus certified by the State Board of Elections as the nominee of his party, and after the election, he was duly sworn into office until such time he resigned in 1977 at the request of the North Carolina Administration of the Courts due to his ineligibility to hold office by vi1iue of his age. Thereafter the Governor appointed Defendant L. Oliver Noble, Jr. to the judgeship vacated by Defendant Beach. Plaintiff Duncan challenged the appointment of Defendant Noble to the judgeship stating that since Beach was not qualified candidate, he should be the one to serve the judgeship.

22

145. That the Court states in *Beach*, "A judge de jure exercises the office of judge as a matter of right. In order to become a judge de jure one must satisfy three [294 N.C. 720] requirements: (l) He must possess the legal qualifications for the judicial office in question; (2) he must be lawfully chosen to such office; and (3) he must have qualified himself to perform the duties of such office according to the mode prescribed by law." *Id.* at 800.

149. That the Court goes on to state in *Beach*, "A judge de facto is defined as "one who occupies a judicial office under some color of right, and for the time being performs its duties with public acquiescence, though having no right in fact.

" In order for one to be deemed a judge de facto, he must have satisfied the following four conditions: "(l) He assumes to be the judge of a court which is established by law; (2) he is in possession of the judicial office in question, and is discharging its duties; (3) his incumbency of the judicial office is illegal in some respect; and (4) he has at least a fair color of right or title to the judicial office, or has acted as its occupant for so long a time and under such circumstances of reputation or acquiescence by the public generally as are calculated to afford a presumption of his (Page 801) right to act and to induce people, without inquiry, to submit to or invoke official action on his part on the supposition that he is the judge he assumes to be." *Id*

150. That the Court in Beach further states, "A usurper in office is distinguished from a de facto officer in that a usurper takes possession of office and undertakes to act officially without any authority, either actual or apparent. Since he is not an officer at all or for any purpose, his acts are absolutely void, and they can be impeached at any time in any proceeding." *Id.* at 801.

151. That the Court in Beach held, Beach satisfied the requirements of a judge de facto (his election was certified and he served in office two (2) years) deeming his legal acts while in office valid. However, upon discovering the legal infirmity that would potentially render his actions void, he resigned from office. *Id.*

152. In this case defendant UNCERTIFIED SHERIFF was not appointed the position of Sheriff of Columbus County by any elected body or person with such authority and is awaiting the certification of that election.

153. Defendant NC HOUSE violated NCGS § 11-7.1 and 10B-20 (c) (1) knowingly that he did not administer the oath of defendant "UNCERTIFIED SHERIFF" on December 3, 2018 and could not attest thereto.

154. Defendant NORWOOD BLANCHARD III., appeared counsel of record in a state court action and filed a Motion To Dismiss for Columbus County Board of Commissioners "collectively" in

23

Columbus County Superior Court File No. Court File No. 19 cvs 019 *State of North Carolina, et Ex Rel Sheriff Lewis Hatcher vs. Jody Greene and Etals;*, as follows

> *That Columbus County Defendants are not proper parties to the quo warranto action because none of them are contesting the outcome of the election or claiming entitlement to the office of Sheriff.
> *That Columbus County Board of Commissioners could not be held for any of the allege act(s) or omissions on the part of Jody Greene, Representative Jones, or the Columbus County Board of Elections.

155. However, Defendant NORWOOD BLANCHARD II. appeared before the Federal Court file 7:19-CV-00008-D, in the "appearance of a conflict", with deception to file pleadings for Defendant Jody Greene, Columbus County Board of Election "collectively", and Columbus County Board of Commissioners "collectively and deprived this Plaintiff in an "unethical manner".

156. There was no meeting held by the County Board of Elections to appoint defendant NORWWOD BLANCHARD III., as private counsel neither did the NC AG'S Office appoint private counsel permission to represent the Columbus COUNTY Board of Elections in file: 7:19-CV-00008-D.

157. That any appointment by the Columbus County Board of Commissioners for defendant NORWOOD BLANCHARD III., to legally represent the adverse parties would be the intent to avoid a default or otherwise to continue to "obstruct the procedural and judicial process" in violation of the Fourth Amendment Clause.

158. That on February 6, 2019 Defendant NORWOOD BLANCHARD II., emailed defendant CAN Surety Bind for both defendant Hatcher and UNCERTIFIED SHERIFF, admitting a conflict for representing Lewis Hatcher because he is adversed to Columbus County Board of Commissioners in the State ex rel. Hatcher v. Greene matter in Superior County, Columbus County file.

159. The above email established that Defendant UNCERTIFIED SHERIFF was an adverse client of NORWODD BLANCHARD III., in the State ex rel. Hatcher v. Greene matter in Superior County, Columbus County file.

160. Defendant NORWOOD BLANCHARD III., admitted to Plaintiff of the conflict and eventually withdrawn on April 12, 2019 before the court would have ousted him, but he failed to withdraw any pleadings that ultimately were filed with "false misrepresentation".

161. Since the Columbus County New Board of Elections decision that Greene lacks residency and domicile defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", ATTORNEY PRINCE", "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY and NORWOOD BLANCHARD III.*, continues to disregard the laws of this State.

24

162. Defendant Sheriff Lewis Hatcher request for retirement for Columbus County Sheriff after being misled by the County Officials that the election was certified and on December 2, 2018 at midnight.

163. Thereafter, defendant Lewis Hatcher request that his retirement be pulled on December 27, 2018.

164. That there is a (30) day probationary period for North Carolina Retirement Systems Division for defendant Hatcher to forfeit his retirement and return to his work force.

165. Defendant Lewis Hatcher Retirement was pulled during the (30) day probationary period and retroactive back to December 1, 2018, such actions void the retirement attempt to allow him to continue to hold his office per NCGS § 128-6, NCGS § 128-7 and Art. V1, Sec. 10 of the North Carolina State Const.

166. The action of Defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", "FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM  6","DEF COM 7", "ATTORNEY PRINCE, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY and NORWOOD BLANCHARD III., to allow the swearing in of UNCERTIFIED SHERIFF on December 3, 2018 constitutes "maladministration and "public corruption" in the intent to create an unconstitutional De Facto Sheriff.

167. U.S.C. § 1983 provides a cause of action for constitutional deprivations arising from actions taken under color of state law. Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341 (4th Cir. 2000).

168. That defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", "FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM  6","DEF COM 7", "ATTORNEY PRINCE, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY, and NORWOOD BLANCHARD III., violated a right secured by the Constitution and laws of the United States, and that the deprivation of that right was committed by a person acting under color of state law." Tann v. Ludwikoski, 393 F. App'x. 51, 53 (4th Cir. 2010) (internal citation omitted).

169. Defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", "FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY PRINCE, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY and NORWOOD BLANCHARD III., acted jointly in concert; performed an overt act; in furtherance of the conspiracy; that resulted in the deprivation of plaintiff's constitutional right. Harrison v. Prince William Cty. Police Dept., 640 F. Supp. 2d 688, 707 (E.D.Va. 2009) (citing Hinkle v. City of Clarksburg, 81F.3d416, 421 (4th Cir. 1996)

25

170. Defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY and NORWOOD BLANCHARD III.*, had both a mutual understanding to achieve some unconstitutional action reached by the private and state defendants, and some factual assertions suggesting a meeting of the minds." Howard v. Food Lion, 232 F. Supp. 2d 585, 597 (M.D.N.C. 2002) (Osteen, J.) (emphasis in original) (citing Gooden v. Howard Cty., 954 F.2d 960, 969-70 (4th Cir. 1992).

171. Defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY and NORWOOD BALNCHARD III.*, ran a joint effort campaign to impeded on the moral, fair, and equal rights of this Plaintiff's privileges granted by our constitution "the right to vote in a fair tribunal 2018 election.

172. Plaintiff has a liberty and public interest in the outcome of the 2018 Columbus County Elections and hereby was deprived a foreseeable constitutional right by defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE" *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY PRINCE, AARON HERRING, DANNY EARL BRITT JR., BOYD WORLEY and NORWOOD BLANCHARD III.*, to this action and the defendants infringed on the rights of this Plaintiff.

173. Plaintiff was injured by the defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY, ARON HERRING, DANNY EARL BRITT JR., BOYD WORLEY, and NORWOOD BLANCHARD III.*, "conduct "fairly attributable to the state" which caused "the deprivation of a federal right.

174. Defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY, ARON HERRING, DANNY EARL BRITT JR., BOYD WORLEY, and NORWOOD BLANCHARD III.*, collectively wanton and willful behaviors/civil disobedience, deprived Plaintiff of his federal rights, privileges, and immunities either by material evidence or personal interference as instigators or perpetrators secured by the United States Constitution while acting out of the scope of their authorities in a malicious, corrupt manner.

26

## SECOND CLAIM FOR RELIEF

## CONSPIRACY under 42 USC Sec 1985 (3)

175. Plaintiff re-alleges and incorporates paragraphs 1 through 174 as if more fully set forth herein.

176. Defendants", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, are private persons and are not state actors, their actions were entwined with state actors, and under these instances they are "a willful participant in joint activity with the State or its agents," and our courts have determined that such private persons are acting under color of law for purposes of Section 1983. See U.S. v. Price~ 383 U.S. 787, 794 (1966).

177. U.S.C. § 1985 (3) provides a cause of action for constitutional deprivations arising from actions taken under color of state law. Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341 (4th Cir. 2000).

178. That defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE" "FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY PRINCE, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY, and NORWOOD BLANCHARD III., violated a right secured by the Constitution and laws of the United States, when they tampered with the 2018 general election by harvesting and illegally handling sealed or unsealed ballots, sworn in Jody Greene without a certified election for the sheriff's race, and knowingly that the notice of candidacy for Jody Greene was void because 2016 was not the proper year to attest or acknowledge a 2018 election and that he was not residency or domicile in the County of Columbus for one year per NCGS 162.2 and that the deprivation of that right was committed by a person acting under color of state law." Tann v. Ludwikoski, 393 F. App'x. 51, 53 (4th Cir. 2010) (internal citation omitted).

179. Defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", "FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY and NORWOOD BLANCHARD III., (1) acted jointly in concert; (2) performed an overt act; (3) in furtherance of the conspiracy; that (4) resulted in the deprivation of plaintiff's constitutional right. Harrison v. Prince William Cty. Police Dept., 640 F. Supp. 2d 688, 707 (E.D.Va. 2009) (citing Hinkle v. City of Clarksburg, 81F.3d416, 421 (4th Cir. 1996)).

180. Defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", "FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY and NORWOOD BLANCHARD III., had both a mutual understanding to achieve some unconstitutional action reached by the private and

27

state defendants, and some factual assertions suggesting a meeting of the minds." Howard v. Food Lion, 232 F. Supp. 2d 585, 597 (M.D.N.C. 2002) (Osteen, J.) (emphasis in original) (citing Gooden v. Howard Cty., 954 F.2d 960, 969-70 (4th Cir. 1992).

181. Defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE",", "FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY PRINCE, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY and NORWOOD BLANCHARD III., ran a joint effort campaign to impeded on the moral, fair, and equal rights of this Plaintiff's privileges granted by our constitution "the right to vote in a fair tribunal 2018 election.

182. Plaintiff was injured by the defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", "FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR","DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY, ARON HERRING, DANNY EARL BRITT JR., BOYD WORLEY, and NORWOOD BLANCHARD III., "conduct "fairly attributable to the state" which caused "the deprivation of a federal right.

183. Defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", "FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY, ARON HERRING, DANNY EARL BRITT JR., BOYD WORLEY, and NORWOOD BLANCHARD III., collectively wanton and willful behaviors/civil disobedience, deprived Plaintiff of his federal rights, privileges, and immunities either by material evidence or personal interference as instigators or perpetrators secured by the United States Constitution while acting out of the scope of their authorities in a malicious, corrupt manner.

184. Defendants NC HOUSE, DANNY EARL BRITT JR., and UNCERTIFIED SHERIFF held joint campaigns on October 29, 2018, knew that Jody Greene committed felonies, but continued to extort the community and deprived this Plaintiff of rights for fair vote in the intent to derail defendant 'SHERIFF "out of the Sheriff's Office.

185. Defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE","FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY, ARON HERRING, DANNY EARL BRITT JR., BOYD WORLEY, and NORWOOD BLANCHARD III., had foreseeable knowledge of the "notice of candidacy" in question for Steadman Jody Greene is deem "VOID" and improper, sworn in in the year of (2016), filed in (2017) before time to do so and that he did not live here in Columbus County.

186. Defendants' "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS",

28

SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", ","*FIPPS*", "*BLAKNEY*", "*JOANN*", "*WARD*", "*DIRECTOR*", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", "ATTORNEY, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY and NORWOOD BLANCHARD III., knew that the 2018 General Election for Columbus County was not certified by the Columbus County Board of Elections or the NC State Board of Elections back on December 3, 2018, before the parties move to unlawfully swear in "UNCERTIFED SHERIFF".

187. Defendants Red Dome Group, Inc., Leslie Macrae Dowless and Andrew Scott Yates collected absentee ballots illegally from numerous citizens of Columbus County by handling unsealed ballots, throwing ballots not favorable for defendant Greene in the trash belonging to a large percentage of AFRICAN American Citizens in the intent to derail the 2018 Columbus County's Election results to favor "UNCERTIFIED SHERIFF" who retained him for services.

188. Defendant Jess Hill (clerk) did not administer the Oath of defendant Steadman Jody Greene pursuant to NC Gen Stat.§ 11-7.1 (a) (1), had no duty therein his employment by the State of North Carolina to file, clock in, or stamp the Oath of defendant Steadman Jody Greene at 7:15 AM, hour and fifteen minutes before the court opened the door at 8:30 AM in fraudulent misrepresentation of a material fact pursuant to Article 12 NC Gen. Stat. § 7 A-103, knew he had no business mishandling the "FAKE OATH" of "uncertified sheriff" pursuant NC Gen Stat. § 153A-26, NC Gen Stat. § 153A-1. (2).

189. Defendant Boyd Worley prepared a warrant deed for the property of 1049 Page Mill Road, Cerro Gordo NC on April 16, 2013 BK: RB 1058, PG 212-213 and he conducted a "title search", knew there was no structure to the property to articulate residency or domicile.

190. Defendant Boy Worley acknowledge during his title search that defendant "UNCERTIFIED SHERRIFF" sworn back in 2012 that the property of 1049 Page Mill, Road Cerro Gordo NC was in fact Agriculture farm land and that no one resides on that track.

191. Defendant Boyd T. Worley had knowledge that Greene has not exchange his tax status with the Tax Assessment Office of Columbus County as of today required as a matter of law before any structure could be work or dwelling pursuant to the affidavits on file and NC Gen. § Stat. 105 - 277.2, 105 277.3, 105 277.4 (a).

192. At all times relevant defendants Columbus County Board of Elections" collectively" "CCBOE", "*FIPPS*", "*BLAKNEY*", "*JOANN*", "*WARD*", "*DIRECTOR*", failed to investigate the residency of defendant back between 2016-February 13, 2018 and cancel the candidacy of "UNCERTIFIED SHERIFF" as a matter of law pursuant to NC. Gen. Stat.§ 163A-977 (b).

193. Rather than stopping the unlawful swearing of "UNCERTIFIED SHERIFF", Defendants Carla Strickland, Attorney Amanda Prince and Board of Elections assistant Jackie Bozeman told Jody Greene to go ahead and be sworn, knowingly the actions were in "false pretense and impersonation.

194. Defendant Brenden Jones had no legal ground to signature the Oath or demand the Election 2018 to be certified.

29

195. Defendants "CCBOC", "CCBOE", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY PRINCE, and NORWOOD BLANCHARD III.,* earlier proposed to a state court that none of them are contesting the outcome of the election or claiming entitlement to the office of Sheriff, but now argues the opposite.

196. Defendant NORWOOD BLANCHARD III., as a lawyer knew that his role of being paid by the County to legally represent defendants "CCBOC", "CCBOE", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY, JODY GREENE, MACK WARD, CARLA STRICKLAND, BONITA BLAKNEY, AND JOAAN GARRELL,* imposed a "conflict of interest", but he misrepresented the Plaintiff and the federal court in bad faith.

197. Defendants' "CCBOC", *"DEF COM 1", "DEF COM 2","DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", and "DEF COM 7*", are liable for all the claims under the North Carolina's Doctrine of "Respondeat Superior for their actions to pay the legal fees of Defendant Jody Greene, for their direct engagement to disregard the law, failures to reject the employment of "UNCERTIFIED SHERIFF", and for the actions of all other employees the Board of Commissioner's pooling insurance are funding a legal defense.

198. Defendants' "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", and" DEF COM 7*", are liable for all the claims under the North Carolina's Doctrine of "Respondeat Superior for the actions of their employee County Manager Michael Stephens to accept the application for Sheriff of Jody Greene, without the Commissioners Consent or in conjunction with the Board of Commissioners, without a certified election and he did so with false representation, ultimately to violate Plaintiff's constitutional right to a fair election.

199. Defendants' "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", and" DEF COM 7*", are liable for all the claims under the North Carolina's Doctrine of "Respondeat Superior for the actions of CCBOE, *MACK WARD, CARLA STRICKLAND, BONITA BLAKNEY, ATTORNEY PRINCE AND JOAAN GARRELL,* failure to investigate the residency of Jody Greene back between 2016-2018 and to cancel his notice of candidacy.

## THIRD CLAIM FOR RELIEF

### Fraud or Fraudulent Inducement of the 2018 General Election

200. Plaintiff re-alleges and incorporates paragraphs 1 through 199 as if more fully set forth herein.

201. Upon information and belief, on or about February 13, 2016, Defendant "UNCERTIFIED SHERIFF" sworn and subscribed before a notary "acknowledgment of candidacy" to run for office of sheriff about 2 years before time to apply for 2018 Election.

202. That "UNCERTIFIED SHERIFF" then went to the Columbus County Board of Elections and

30

he filed his "notice of candidacy" for the February 2017, approximately 1 year before the time to apply for the office of sheriff in 2018.

203. That "UNCERTIFIED SHERIFF", went back to the Columbus County Board of Elections on February 13, 2018, sworn to certify his "nickname" on the notice of candidacy that was filed back in December 2017.

204. All times relevant said "notice of candidacy" in question for Steadman Jody Greene is deem "VOID" and improper.

205. At all times relevant, defendant "UNCERTIFIED SHERIFF", knew he was not a residency or domicile of Columbus County to run for the office of sheriff and he commit a felony perjury per NC. Gen. Stat.§ 163A-920.

206. At all times relevant defendants Columbus County Board of Elections" collectively" "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", and" UNCERTIFIED SHERIFF"* acknowledge the notice of candidacy for "UNCERTIFIED SHERIFF" was not valid, being signature in 2016, filed in 2017 before the time to do so and failed to change their actions of negligence and corruption.

207. At all times relevant defendants Columbus County Board of Elections" collectively" "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR",* failed to investigate the residency of defendant back between 2016-February 13, 2018 and cancel the candidacy of "UNCERTIFIED SHERIFF" as a matter of law pursuant to NC. Gen. Stat.§ 163A-977 (b).

208. At all times relevant defendants AARON HERRING, BOYD T. WORLEY, DANNY EARL BRITT, BRENDEN JONES, likewise acknowledge that defendant "UNCERTFIED SHERIFF" was misrepresenting the Columbus County Board of Elections that he was a residency or domicile for one year to run for the office of Sheriff.

209. Plaintiff did cast a ballot in the 2018 Election.

210. Defendant "UNCERTIFIED SHERIFF" hired defendants "RED DOME GROUP, INC., "DOWLESS", SCOTT ANDREW YATES" to steal the election, by harvesting ballots and mishandling "unsealed ballots" and throwing ballots not favorable to UNCERTIFIED SHERIFF in the trash in a corrupt manner to derail this election and ultimately blocked the Plaintiff's fair right to vote in this election process.

211. At all times relevant defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY PRINCE, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY and NORWOOD BLANCHARD III* made a false representation or concealed a material fact by altering the Oath, creating a void oath to Plaintiff and the citizens that Jody Greene was a residency, domicile, eligible to run for sheriff and that the General Election 2018 was certified reasonably

calculated to deceive this Plaintiff, made with the intent to deceive, which does in fact deceive, resulting in damages to injured Plaintiff, merely to void his vote. *See "Terry v. Terry*, 302 N.C. 77, 83, 273 S.E.2d 674, 677 (1981); *see also Ward v. Fogel*, 237 N.C. App. 570, 581, 768 S.E.2d 292, 301 (2014).

212. At all times relevant Plaintiff reasonably relied on the false representations made defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEFCOM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", "ATTORNEY PRINCE, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY and NORWOOD BLANCHARD III. see Forbis v. Neal*, 361 N.C. 519, 768 S.E.2d 382, 387 (2007).

213. Defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", "ATTORNEY PRINCE, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY and NORWOOD BLANCHARD III* had a duty to speak the concealment of a material fact and is equivalent to fraudulent representation. *see E.g., Griffin v. Wheeler-Leonard & Co.*, 290 N.C. 185, 198, 225 S.E.2d 557, 5 65 (1976).;*also see Lawrence v. UMLIC-Five Corp.*, 2007 NCBC LEXIS 20, at *8 (N.C. Super. Ct. June 18, 2007).

214. All times relevant Defendant NORWWOD BLANCHARD III., stated to Plaintiff on April 3, 2019 that the NC Attorney General's Office granted both he and defendant Danny Earl Britt, Jr. PERMISSION to represent state officials and such were not true.

215. On February 6, 2019 Defendant NORWOOD BLANCHARD III., admitted to Attorney Brad O. Wood and Nancy Leibel of defendant CNA Surety Bonding that I am conflicted out of representing Hatcher because he is adverse to my clients in the State ex rel. Hatcher v. Greene matter pending in Columbus County Superior Court.

216. Defendant NORWOOD BLANCHARD III., knew any movement to legally represent Jody Greene, Hatcher Lewis, or the Columbus County Board of Elections would be adverse conflict and he continued to defraud this Plaintiff and the federal court with "false representation".

217. Defendant "UNCERTIFIED SHERIFF" claims to live here in Columbus County in a RV, but failed to establish NC taxes for the RV, parked his RV on his private farm land rather than at a campground site and he created "fake light bill" and wrote the word "Residency", in fact he had a commercial account attached for a "COW BARN", as though he had a residency account with Duke Energy Progress, and violated the laws of this state in the intent to invade taxes with SC State and NC State.

218. The RV defendant UNCERTIFIED SHERIFF perpetrated as residency or domicile is illegal to establish permeant residency or domicile pursuant to per NC. Gen. Stat.§ 20-4.01. (32b).

219. The RV defendant UNCERTIFIED SHERIFF perpetrated as residency or domicile violates NC. Gen. Stat.§ 153A-49 merely, no permits of any structure or the intent to build or put sewage or drainage and Columbus County North Carolina - Code of Ordinances Chapter 10 – Land Use.

220. Defendant UNCERTIFIED SHERIFF failed to get any permits for septic tank, water, or electricity to articulate the intent to remain on an empty lot.

221. Defendant UNCERTIFIED SHERIFF failed to establish an electrical permit pulled by a license electric expert for any electrical service from Duke Energy to a "cow barn" or any temporary service meter pole.

222. SCDMV Records support that the RV was not purchase until November 30, 2017, in fact proves that defendant UNCERTIFIED SHERIFF did not have residency or domicile for one year and it certify that the RV is title to the STATE OF SOUTH CAROLINA and not retitle to NC State.

223. Defendants "NC HOUSE", CLERK", "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", "ATTORNEY, AARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY and NORWOOD BLANCHARD III* has the knowledge that Greene is not truthful and the parties are still acting in disregard of the truth knowing, merely false representation of what they have told Plaintiff and concealment of a material fact.

224. Defendant DANNY EARL BRITT, JR., knew that he could not represent defendant NC HOUSE Brenden Jones in federal court without the NC Attorney General's Office permission and he made a general appearance in the intent to hide this litigation from the NC State Senator and NC House of Representatives Ethic Committee, merely deprived this Plaintiff of a default with "false representation.

225. Defendants "UNCERTIFIED SHERIFF", "RED DOME GROUP, INC.", "DOWLESS", SCOTT ANDREW YATES, "NC HOUSE", CLERK", "CCBOC", "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", "ATTORNEY PRINCEAARON HERRING, DANNY EARL BRITT JR., BOYD T. WORLEY and NORWOOD BLANCHARD III* behaviors amount to malice, intent, knowledge, and other condition of mind of a person averred in general under the provisions of Fd. R. Civ. Proc. 9 (b).

## FOURTH CLAIM FOR RELIEF

### Gross Negligence

226. Plaintiff re-alleges and incorporates paragraphs 1 through 225 as if more fully set forth herein.

227. Defendant Sheriff Lewis Hatcher retired on December 2, 2018 at midnight from his office as Sheriff before the election was certified, being forced by the County Manager, "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", "ATTORNEY PRINCE, "CCBOE", "FIPPS", "BLAKNEY", "JOANN", "WARD",*

33

*"DIRECTOR"*, that the 2018 General Election was certified when it was not.

228. Defendants "NC HOUSE", CLERK", "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY PRINCE, "CCBOE "FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR",* DANNY EARL BRITT, JR., *BOYD T. WORLEY and NORWOOD BLANCHARD III* participated in the "unlawful swearing held on December 3, 2018 for Defendant JODY GREENE, motivating him to continue to violate the laws of this State, and has since known the decision that he lacks residency and domicile or eligibility to run for the Office of the Sheriff.

229. The personnel action form signed on December 3, 2018 by the County Manager to pay defendant UNCERTIFIED SHERIFF a salary is unconstitutional, in the intent to create DEFENDANT UNCERTIFIED SHERIFF as a De facto Sheriff out of pure malice, deception, and rebellion, knowingly that the Protest were pending and no certification exists.

230. Michael Stephens is employed by defendants "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7",* and had no authority under the law to approve defendant UNCERTIFIED SHERIFF a salary of $77,710.00 or approve the application of any sheriff who has not met the statutory or constitutional requirements for the Office.

231. NC. Gen. Stat.§ 163-1 did not apply for anyone to conduct a ceremony swearing for UNCERTIFIED SHERIFF, while protests were pending and without first having a valid certification of an Election and "NC HOUSE", CLERK", "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY PRINCE, "CCBOE "FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR",* DANNY EARL BRITT, JR., *BOYD T. WORLEY and NORWOOD BLANCHARD III* were negligent to heed the law.

232. Defendant LEWIS HATCHER requested to pull his retirement on December 27, 2018 and the NC Retirement System Division did and retroacted the date back to December 1, 2018 before Defendant UNCERTIFIED SHERIFF was unlawfully sworn or before the Retirement request of December 2, 2018 at midnight ever occurred to stage a "blockage" IN THE PUBLIC CORRUPTION of Columbus County Government and the of Columbus County Board of Elections plan to derail the process.

233. Defendants SHERIFF HATCHER, UNCERTIFIED SHERIFF GREENE, AARON HERRING, NC HOUSE", CLERK", "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY PRINCE, "CCBOE "FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR",* DANNY EARL BRITT, JR., *BOYD T. WORLEY and NORWOOD BLANCHARD III* owed Plaintiff a legal duty and to conduct a fair electoral process, a breach of that duty occurred in this election 2018 process, and the injury was approximately caused by the Defendants' breach.

234. The act or conduct of all defendants SHERIFF HATCHER, UNCERTIFIED SHERIFF GREENE, AARON HERRING, NC HOUSE", CLERK", "CCBOC", *"DEF COM 1", "DEF*

34

*COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY PRINCE, "CCBOE "FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR",* DANNY EARL BRITT, JR., *BOYD T. WORLEY and NORWOOD BLANCHARD III* was clearly done for the purpose and with knowledge that their actions breached a duty of care owe to Plaintiff in a conscious disregard of the truth and safety to others by creating chaos in our laws, ultimately to violate protected constitutional rights prohibited by law.

235. Defendants SHERIFF HATCHER, UNCERTIFIED SHERIFF GREENE, AARON HERRING, NC HOUSE", CLERK", "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6","DEF COM 7", "ATTORNEY PRINCE, "CCBOE "FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR",* DANNY EARL BRITT, JR., *BOYD T. WORLEY and NORWOOD BLANCHARD* III actions or their foreseeable conduct fall below the standard of behaviors established by law for the protection of others against unreasonable risk of harm and approximately caused by malice.

236. Defendants "UNCERTIFIED SHERIFF", "SHERIFF", 'CCBOE" *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR",* "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", "ATTORNEY",* RED DOME GROUP, INC., "DOWLESS", "SCOTT ANDREW YATES" DANNY EARL BRITT, R., *BOYD T. WORLEY and NORWOOD BLANCHARD* III has negligently departed from the conduct expected of a reasonably prudent person acting under similar circumstances.

237. Defendants 'CCBOE" *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR",* "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", "ATTORNEY"* owed a duty to the plaintiff per right to conduct a fair investigation into the residency of "UNCERTIFIED SHERIFF", to see if he qualifies or disqualify for the office of the sheriff of Columbus County.

238. Defendants 'CCBOE" *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR",* "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", "ATTORNEY",* RED DOME GROUP, INC., "DOWLESS", and "SCOTT ANDREW YATES" owed a duty to the plaintiff to collect all absentee ballots correctly, wait until the protests were properly exhausted before "unlawfully swearing in defendant Jody Greene as sheriff without first being certified by the CCBOE, ultimately the cause of creating chaos in the laws that infringed on Plaintiff's constitutional and statutory rights.

239. Defendants "SHERIFF HATCHER", "UNCERTIFIED SHERIFF", 'CCBOE" *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR",* "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", "ATTORNEY PRINCE",* RED DOME GROUP, INC., "DOWLESS", "SCOTT ANDREW YATES" DANNY EARL BRITT, JR., *BOYD T. WORLEY and NORWOOD BLANCHARD* III jointly created and had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation which plaintiff suffered both causation-in-fact and proximate causation entitling Plaintiff to recover damages. /see/ Gravelet-Blondin, 728 F.3d at 1096.

35

## FIFTH CLAIM FOR RELIEF

### Freedom of Speech Violation UC Const. Amend. 1; NC State Cons. Art. 1 Sec 14

240. Plaintiff re-alleges and incorporates paragraphs 1 through 239 as if more fully set forth herein.

241. During the hearing held, November 30, 2018 before the CCBOE, Plaintiff appeared to comment on this public matter and was refrained from speaking further by the defendants "CCBOE", "FIPPS", "BLAKNEY", "JOANN", "WARD", and "ATTORNEY PRINCE" in violation of NC. Gen. Stat. § 163A-1178 (c) (2).

> The county board may receive evidence at the hearing from any person with information concerning the subject of the protest. The person who made the protest shall be permitted to present allegations and introduce evidence at the hearing. Any other person to whom notice of hearing was given, if present, shall be permitted to present evidence. The board may allow evidence by affidavit. The board may permit evidence to be presented by a person to whom notice was not given, if the person apparently has a significant interest in the resolution of the protest that is not adequately represented by other participants.

242. Our court has held that a citizen may assert a direct claim for abridgement of her state constitutional free speech rights under the state constitution only absent an adequate state remedy. Evans v. Cowan, 132 N.C. App. 1, 510 S.E.2d 170 (1999).

> Everyone has a right to comment on matters of public interest and concern, provided he does so fairly and with an honest purpose. Johnston v. Time, Inc., 321 F. Supp. 837 (M.D.N.C. 1970), aff'd in part and vacated in part, 448 F.2d 378 (4th Cir. 1971).

243. That the matter of defendant "UNCERTIFIED SHERIFF" is of public interest that involves the lack of capacity as sheriff without first being certified by the defendant "CCBOE".

244. Defendant "ATTORNEY PRINCE" has family ties to defendant "UNCERTIFIED SHERIFF", which approximately cause the ability of Prince to become insufficient legal advice to her clients in the intent to uphold her family's criminal behaviors.

245. The behaviors of defendants' "CCBOE", "FIPPS", "BLAKNEY", "JOANN", "WARD", and "ATTORNEY PRINCE" to refrain or impede on Plaintiff's rights to speak on this public matter entitles them liable for damages.

## SIXTH CLAIM FOR RELIEF

### Pray for Declaratory Judgment Pursuant to Fed. R. Civ. Proc. R. 57
### Declaratory Judgment Act, 28 U.S.C. § 2201(a),

36

246. Plaintiff re-alleges and incorporates paragraphs 1 through 245 as if more fully set forth herein.

247. Per Federal Rules of Civil Procedure Rule 57 a declaratory judgment is appropriate when it will "terminate the controversy" giving rise to the proceeding. Inasmuch as it often involves only an issue of law on undisputed or relatively undisputed facts, it operates frequently as a summary proceeding, justifying docketing the case for early hearing as on a motion, as provided for in California (Code Civ. Proc. (Deering, 1937) §1062a), Michigan (3 Comp. Laws (1929) §13904), and Kentucky (Codes (Carroll, 1932) Civ. Pract. § 639 a–3).

248. The "controversy" must necessarily be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts." *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 325, 56 S.Ct. 466, 473, 80 L.Ed. 688, 699 (1936). The existence or nonexistence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be declared. The petitioner must have a practical interest in the declaration sought and all parties having an interest therein or adversely affected must be made by parties or be cited.

249. Plaintiff seeks this court to terminate the unlawful actions of the defendants, specifically "UNCERTIFIED SHERIFF" and otherwise to preserved the existence or nonexistence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon that protests, Plaintiff, and/or the citizens from danger and harm by an order of this court to determine who is the chief law enforcement officer.

250. Defendant "UNCERTIFIED SHERIFF" failed to show a permanent dwelling other than a RV or Camper that he presides in County of Columbus and wherefore is disqualified for the office per NC. Gen. Stat. § 162-2 and his intended seat for the office of sheriff should be declared vacancy per NC. Gen. Stat. § 128-7.1 for a failure to qualify creates vacancy.

251. Defendant "SHERIFF LEWIS HATCHER" failure to quickly gain access to the office Sheriff location is causing excessive crimes, robberies and unnecessary crimes throughout our community, some recently towards Plaintiff for speaking out against this matter of corruption is the reasons why this court should declare as follows that Jody Greene is disqualified for the office of sheriff, that his seat for office is declared vacant and his oath for the office of sheriff declared "void".

252. Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that "[i]n a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id.* A "District Court is without power to grant declaratory relief unless such [an actual] controversy exists." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272, 61 S. Ct. 510, 85 L. Ed. 826 (1941). In determining whether an actual controversy *725exists, the basic inquiry is whether the conflicting contentions of the parties present a real, substantial controversy between parties having adverse legal interests, with a definite and concrete dispute, and not one which is hypothetical or abstract. *See Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S. Ct. 2301, 60 L. Ed. 2d 895 (1979) (quotation omitted).

253. On April 10, the new Columbus COUNTY Board of Elections rendered a decision that defendant "UNCERTIFIED SHERIFF", lacks residency and domicile one year per NCGS 162.2 prior to the November 6, 2018 general election to have ran for the office of Columbus County Sheriff and that he lacks residency and domicile even today.

254. That this court inherits the power and authority per 28 U.S.C. §1367 as the State law claims give rises for this court's enforcement of NC Gen Stat. § 128-16 for the removal of unfit sheriff are so related that they form part of the same case or controversy, and removal for a sheriff or perpetrator sheriff to willfully omit, neglect or refuse to discharge any of the duties of his office, such punishment by removal from the office of Sheriff per NC Gen Stat. § 14-230.

255. That the New Columbus County Board of Elections decision was that UNCERTIFIED SHERIFF, lacks residency or domicile, per NC Gen Stat. § 163A-977 (b), such notice of candidacy shall be cancelled.

256. That the NCSBOE or CCBOE has no authority to force defendant UNCERITIFIED SHERIFF from entering the premises of the Sheriff's Office and the Defendants "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", "ATTORNEY PRINCE"* failed to take back the County's property.

## SIXTH CLAIM FOR RELIEF

### Pray for Injunctive Relief Pursuant to Fed. R. Civ. Proc. R. 65

257. Plaintiff re-alleges and incorporates paragraphs 1 through 256 as if more fully set forth herein.

258. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney Per Fed. R. Civ. Proc. Rule 65 (b) (1) (a) (b) only if

  A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

  (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

259. Upon information and belief, on or about February 13, 2016, Defendant "UNCERTIFIED SHERIFF" filed his "notice of candidacy" for the 2018 general elections approximately 2 years before time to do so deeming the notice "void" on the face of the document.

260. That on February 13, 2017, Defendant Jody Greene appeared back to the Columbus County Board of Election to file stamp his notice of candidacy.

261. That on February 13, 2018 Defendant Jody Greene went back to the Columbus County Board of Election and he was sworn again to attest his nickname and that he was register to vote

38

here in Columbus County required by law.

262. That Defendant UNCERTIFIED SHERIFF swore under oath of penalty and perjury he is a Republican candidate, register to vote in Columbus County with his primary or permanent residence of 1049 Page Mill Road, Cerro Gordon, North Carolina, knowing that he lacks residency and domicile per GS 162.2, the RV was titled to the State of South Carolina to his primary home and was not retitled to the State of North Carolina, and that he was not paying NC personal property taxes for the RV.

263. Defendant, "SHERIFF" is the rightful holder for the office of sheriff of Columbus County being the same certified by the Columbus County Board of Elections for his four-year term 14th November, 2014, because the election 2018 results are not certified to support a change in the method of the Sheriff's Office.

264. That on November 6, 2018 the general election was held, thereafter the final results were contested by the residents of Columbus County.

265. That all protests were timely filed within the provisions of NCGS § 163A statutorily time to for the filing and that the appeal protests were submitted to the State Board of Elections concerning the Columbus County Election questioning the irregularities found with absentee ballots and the residency of "UNCERTIFIED SHERIFF" inquiring into his qualification for office on December 11, 2018 in a timely manner.

266. Upon information and belief all protests were filed by register voters within the County of Columbus.

267. That after the Columbus County Board of Elections dismissed most of the election protests for technicalities, as such denying them their right to Amend the protests, the Board did hear the protest of one voter, Nancy Hill.

268. That there are no North Carolina General Statues to not allow a protest to be Amended.

269. That Mrs. Hill's protest was heard but the Columbus County Board of Elections rejected her Protest and Mrs. Hill appealed her protest to the State Board of Elections.

270. That the other protests were appealed as well to the State Board of Elections.

271. That upon information and belief, the County Board of Elections did not issue an official "order of dismissal" for the protest until December 10, 2018, however District Court Judge Ashley Gore administered UNCERTIFIED SHERIFF'S Oath of Office per NCGS § 11-2 on Monday, December 3, 2018 at 10:00 AM, without certification issuance by the Columbus County Board of elections, thereafter Judge Ashley Gore refused to signature the oath per NCGS § 11-7.1.

272. That although Judge Ashley Gore administered the Oath of Office in open court, the filed

copy of "Oath of Office" clearly shows Rep. Brendan Jones signed the Oath of Office and Defendant NC HOUSE violated NCGS § 11-7.1 and 10B-20 (c) (1) knowingly that he did not administer the oath.

273. That due to the Oath of Office being signed by Rep. Brenden Jones who did not administer said oath and cannot attest that "UNCERTIFIED SHERIFF" appeared before him to take the oath, that the 2018 general election results did not certified Jody Greene as officially the winner, and that Jody Greene lacks residency and domicile to run for the office of Columbus County Sheriff, the swearing in "UNCERTIFIED SHERIFF" is void ab initio.

274. Defendant Jody Steadman Greene, is a resident of Horry County or Robeson County, North Carolina and have not been elected Columbus County Sheriff by the lawful authority per NCGS § 128-6.

275. Since December 3, 2018, Plaintiff has been without lawful protection of a legitimate chief law enforcement as a result of the loss entity of "Sheriff" by the government failing to exercise power to take the keys and property back for UNCERTIFIED SHERIFF, for the rightful Sheriff Lewis Hatcher to hold his office until a successor prevails.

276. Our courts have held that without a sheriff there is no entity, likewise the actions of the deputies are not covered by the Constitution or the Statues governing North Carolina.

277. Without a sheriff is a severe irreparable injury, loss, or damage to Plaintiff and the citizens of Columbus County, merely relative to electoral fraud.

278. Plaintiff suffers loss of law enforcement, emergency remedy, and is not safe from danger and harm that will result to the movant before the adverse party can be heard in opposition as required by government and our constitution.

279. That on April 3-4, 2019, several individuals threatened Plaintiff in the presences of Defendants UNCERTIFIED SHERIFF, AARON HERRING, and LEWIS HATCHER, nothing was done about this because of the invalid capacity of the Sheriff's Office.

280. Likewise, defendant "SHERIFF HATCHER'S contributory negligence relates to him being forced to retire before the protests appeals were exhausted, then upon his pulling of retirement before the 30 probationary period Defendants, "NC HOUSE", CLERK", "CCBOE", *"FIPPS"*, *"BLAKNEY"*, *"JOANN"*, *"WARD"*, *"DIRECTOR"*, *'CCBOC' "DEF COM 1"*, *"DEF COM 2"*, *"DEF COM 3"*, *"DEF COM 4"*, *"DEF COM 5"*, *"DEF COM 6"*, *"DEF COM 7"*, *"PRINCE'S"*, *SENATOR BRITT, WORLEY, AARON HERRING, and NORWOOD* do not recognized him, but do UNCERTIFIED SHERIFF as an unlawful De Facto Sheriff.

281. These circumstances require the court to restrain defendant "UNCERTIFIED SHERIFF" from further unconstitutional acts.

282. That Plaintiff made the necessary efforts to help cease the actions of the defendants but was not successful.

283. That the actions of "UNCERTIFIED SHERIFF", "NC HOUSE", CLERK", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR"* "CCBOC", "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", and "ATTORNEY "PRINCE", SENATOR BRITT, WORLEY, AARON HERRING, and NORWOOD* are deemed void causing unfathomable and irreparable injury to Columbus County.

284. That in regards to security or bond for payment of costs and/or damages, per Fed. R. Civ. Proc. Rule 65(c) of the states, gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

285. Plaintiff requests the court to "waiver" the security deposit and accept the filing fees to for the cost for any parties wrongfully enjoined or restrained.

286. Plaintiff prays as follows that the defendants "UNCERTIFIED SHERIFF", "NC HOUSE", CLERK", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR"* "CCBOC", "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", "DEF COM 7", and "ATTORNEY "PRINCE'S", SENATOR BRITT, WORLEY, AARON HERRING, and NORWOOD* be refrained from continues rebellious acts and enter an order to remove "UNCERTIFIED SHERIFF" from the premises of the facility governing the Sheriff of Columbus County's space and such relief for a permanent injunction.

## SEVENTH CLAIM FOR RELIEF
### Punitive Damages

287. Plaintiff re-alleges and incorporates paragraphs 1 through 286 as if more fully set forth herein.

288. Defendants "NC HOUSE", "CLERK", 'UNCERTIFIED SHERIFF", "DOWLESS", "YATES", "CLERK", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR", "DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", DEF COM 7", and* "ATTORNEY", jointly as torfeasors participated in the crime, violated the constitutional rights of this Plaintiff, knowing after the State of North Carolina Attorney General's Office confirmed of the crime, continued to act with malice, wanton and willful intent, in a corrupt manner to deprive this Plaintiff of a right to a fair election as a private citizen register to vote in the 2018 general elections while under color of state or territorial laws in their official capacity entitling Plaintiff to recover punitive damages or otherwise in their personal capacity out of the scope of the authorities granted by law in a malice, intent, and corrupt manner.

## CONCLUSION

41

289. That the behaviors of all defendants deliberately constitutes fraud, conspiracy to defraud the election 2018 results in criminal intent and did in fact deprive Plaintiff of his constitutional or statutory rights secured by foreseeable violations on all parties.

**WHEREFORE, PLAINTIFF** prays judgment against "NC HOUSE", "RED DOME GROUP, INC.,", "DOWLESS", "YATES", "CLERK", "CCBOE", *"FIPPS", "BLAKNEY", "JOANN", "WARD", "DIRECTOR",* "CCBOC", *"DEF COM 1", "DEF COM 2", "DEF COM 3", "DEF COM 4", "DEF COM 5", "DEF COM 6", DEF COM 7", and* "ATTORNEY PRINCE", *SENATOR BRITT, WORLEY, AARON HERRING, and NORWOOD* BLANCHARD II., and each of them, as follows:

1. For an order requiring defendants to show cause, if any they have, why they should not be enjoined as hereinafter set forth, during the pendency of this action;

2. For an order awarding treble damages under gross negligence claims and sought against the defendants.

3. For the court to "pierce the corporate veil" of the Defendant "RED DOME GROUP, INC., a corporation and hold the individuals' defendant "LESLIE MACRAE DOWLESS, JR.," and "ANDREW SCOTT YATES" liable for their actions alleges herein the complaint.

4. For an order of "Declaratory Judgment to deem "UNCERTIFIED SHERIFF" actions unconstitutional and the oath thereof null and void.

5. For an order of "Declaratory Judgment to deem the Defendant "UNCERTIFIED SHERIFF" disqualified to run for the Office of Columbus County Sheriff.

6. For an Order that Defendant Jody Greene lacks residency and domicile to run for the Office of Sheriff and that he committed perjury knowing that he lacks the right to vote or run for the office.

7. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them to recognize SHERIFF HATCHER as the true and indeed Constitutional and Statutory Sheriff of Columbus County; and the removal of Defendants "UNCERTIFIED SHERIFF" and UNCERTIFIED CHIEF DEPUTY AARON HERING, who was hired by Jody Greene from the office and premises of Columbus County Sheriff's Office located at 805 Washington St, Whiteville, NC 28472.

8. For damages in such further sums as may be sustained and as are ascertained before final judgment herein;

9. For attorney fees herein incurred;

10. For costs of suit herein incurred; and

11. For punitive damages under the claim for Gross Negligence asserted against each

42

12. Plaintiff demands a jury trial on all issues so triable by the jury.

13. For such other and further relief as the court deems proper.

On this the 30th day of April, 2019.

Calvin Tyrone Norton, pro se
Post Office Box 1145
Whiteville, NC 28472
Tel: (910)-840-1352
Em: NORTONCALVIN@YAHOO.COM

## AFFIDAVIT FOR VERIFICATION

I, CALVIN TYRONE NORTON, am a plaintiff in the above-entitled action bringing this action in accordance to the claims asserted. I have read the forgoing COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, and all other CLAIMS ASSERTED herein to the fullness and know the contents thereof. The same is true of my own knowledge.

I DECLARE UNDER PENALTY OF PERJURY that the foregoing is true and correct and that this Affidavit for Verifications was executed as Whiteville, North Carolina in the County of Columbus on 30TH , April , 2019.

CALVIN TYRONE NORTON

SUBSCRIBED and SWORN to before me this the 30th day of April , 2019.

NOTARY PUBLIC: Jewel J. Register

MY COMMISSION WILL EXPIRE: 6/26/20

43